IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


MAX ZWEIZIG,

    Plaintiff/
    Counter Defendant,

    v.

NORTHWEST DIRECT TELESERVICES, INC.;
NORTHWEST DIRECT MARKETING OF
OREGON, INC.; TIMOTHY ROTE;
NORTHWEST DIRECT MARKETING
(DELAWARE), INC.; NORTHWEST DIRECT
OF IOWA, INC.; ROTE ENTERPRISES, LLC;
NORTHWEST DIRECT MARKETING, INC.;
DOES 1-5.
    Defendant/Counter Claimant.

No. 3:15-cv-02401-HZ

OPINION & ORDER


Joel W. Christiansen
812 NW 17th Avenue
Portland, OR 97209

    Attorney for Plaintiff/Counter Defendant

Andrew C. Brandsness
Brandsness Brandsness & Rudd, P.C.
411 Pine Street
Klamath Falls, OR 97601

    Attorney for Defendants/Counter Claimants Northwest Direct
    Teleservices, Inc.; Northwest Direct Marketing of
    Oregon, Inc.; Northwest Direct Marketing (Delaware)
    Inc.; Northwest Direct of Iowa, Inc.; Rote Enterprises,
    LLC; Northwest Direct Marketing, Inc.; Does 1-5.

Timothy Rote
24790 SW Big Fir Road
West Linn, OR 97068

    Pro Se Defendant/Counter Claimant

HERNÁNDEZ, District Judge:

Pro se Defendant/Counter Claimant Timothy Rote seeks to join five parties as counterclaim defendants. For the reasons that follow, Rote's motion is denied.

## BACKGROUND

Plaintiff Max Zweizig alleges that he was terminated by Defendant Northwest Direct Teleservices, Inc. (NDT), a corporate entity owned by Timothy Rote, after Zweizig reported to the Oregon Department of Justice and the Lane County District Attorney that NDT had engaged in criminal activity. Compl. ¶¶ 17-18, ECF 1. Zweizig also alleges that Rote and NDT took other adverse actions against Zweizig, including publishing statements to third parties and the general public accusing Zweizig of destroying data and engaging in other criminal and civil misconduct during his employment at NDT. Id. at ¶ 18.

The parties engaged in arbitration related to this employment dispute for several years and, ultimately, an arbitrator found in Zweizig's favor and awarded damages to Zweizig. Id. at ¶ 21. The arbitration award was reduced to a judgment; however, NDT has failed to satisfy that

judgment. Id. at ¶ 22. On March 11, 2014, Zweizig filed a lawsuit against NDT, Rote, and related corporate entities, alleging that the defendants violated the Uniform Fraudulent Transfer Act and engaged in other fraudulent activity to defeat Zweizig's ability to enforce his whistleblower retaliation judgment. Id. at ¶ 23.

On or about February 27, 2015, Defendants created a website, "Sitting Duck Portland," which describes the arbitration between Rote's companies and Zweizig. Id. at ¶ 25. According to Zweizig, the Sitting Duck Portland website disparages Zweizig, his fiancée, and his counsel. Id. at ¶ 27.

On December 24, 2015, Zweizig filed the present employment discrimination action against Rote, a citizen of Oregon; six corporate entities allegedly owned by Rote, including NDT; and five Doe defendants. Zweizig alleges that the content of the Sitting Duck Portland website constitutes a series of ongoing adverse employment actions targeted at Zweizig due to his participation in protected conduct. Id. at ¶ 28. Zweizig brings claims of whistleblower discrimination and retaliation, retaliation for opposing unlawful conduct, and aiding and abetting. Id. at ¶¶ 31-57.

On January 28, 2016, Rote filed an answer to Zweizig's complaint, in which Rote asserts five counterclaims, including a counterclaim of defamation.[1] Rote Am. Answer ¶¶ 30-34, ECF 19. Rote's defamation claim alleges that Zweizig, Zweizig's counsel, or other related parties, contacted Judge Robert E. Jones and stated that Rote posed a threat to Judge Jones at his Lifetime Achievement Award ceremony, which prompted an investigation by the U.S. Marshals. Id. at ¶ 30. On February 5, 2016, Rote moved to join four individuals and one entity (Plaintiff's counsel's law firm) as counterclaim defendants to the defamation counterclaim. Rote Mot. Join 2, ECF 20.

---

[1] The other four counterclaims are not at issue in this Opinion & Order.

3 - OPINION & ORDER

**STANDARDS**

Federal Rule of Civil Procedure 13 governs counterclaims and authorizes the court to join additional persons, pursuant to Rules 19 and 20, in order to adjudicate a counterclaim that is already before the court. Fed. R. Civ. P. 13(h); see also 6 Charles A. Wright, et al., Federal Practice & Procedure § 1435 (3d ed.).

**DISCUSSION**

Rote's defamation counterclaim is properly brought against Zweizig as a permissive counterclaim under Rule 13(b). See Fed. R. Civ. P. 13(b) ("A pleading may state as a counterclaim against an opposing party any claim that is not compulsory."). This Court has subject matter jurisdiction over Rote's defamation counterclaim against Zweizig because Rote (a citizen of Oregon) and Zweizig (a citizen of New Jersey) are citizens of different states and the amount in controversy exceeds $75,000. See, e.g., Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005) (explaining that district courts have "original diversity jurisdiction" in civil actions between citizens of different States when the matter in controversy exceeds $75,000). This Court does not have federal-question jurisdiction over the counterclaim because the action does not arise under the Constitution, laws, or treaties of the United States. Id. (citing 28 U.S.C. § 1331). Nor does the Court have supplemental jurisdiction over the counterclaim, because it is not part of the same case or controversy as the claims asserted by Zweizig in his complaint. Id.

The issue is whether Rote may join five additional parties as counterclaim defendants under Rule 19, which governs the required joinder of parties, or Rule 20, which governs the permissive joinder of parties. Rot. Mot. Join 5-6. Rote may only join additional parties to the defamation counterclaim if they are (1) subject to service of process; (2) someone whose joinder

would not destroy diversity or otherwise affect the court's subject matter jurisdiction; and (3) a necessary or proper party to the claim for relief. See Fed. R. Civ. P. 19 and 20.

Rote attempts to join Linda Marshall, prior counsel for Zweizig; Chester D. Marshall, Linda Marshall's spouse; Sandra Ware, Zweizig's girlfriend; Joel Christiansen, Zweizig's current lawyer; and Vogele & Christiansen, the law firm where Joel Christiansen is employed. Rote Mot. Join 4. However, joining these additional parties would destroy diversity jurisdiction because four of the five additional parties are Oregon citizens[2], as is Rote. Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only if there is complete diversity between the parties.

Therefore, the Court denies Rote's motion to join five additional parties to the defamation counterclaim because granting the motion would defeat this Court's subject matter jurisdiction over the claim. Furthermore, these additional parties would not be properly joined under Rules 19 or 20, even if doing so did not defeat subject matter jurisdiction. As written, the defamation counterclaim does not name any party other than Zweizig. While the counterclaim does reference "PALINTIFF [sic] COUNSEL & OR OTHER related parties," there is nothing that ties the allegations made in the counterclaim to the named parties that Rote now seeks to join. Rote Am. Answer ¶ 30. There are no facts alleged as to any of the five additional parties that would lead this Court to conclude that they are necessary for the counterclaim to proceed or that any question of law or fact common to all potential counter defendants would arise in the action. See Fed. R. Civ. P. 19, 20.

---

[2] Rote's Motion to Join Parties alleges that all of the additional parties are Oregon residents except for Sandra Ware, who is a resident of New Jersey. Rote Mot. Join 6. The Court recognizes that an individual's residence may be different than her state citizenship, which is determined by her state of domicile. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). However, because it is Rote's burden to assert subject matter jurisdiction as to his counterclaim and because he appears to conflate residency and citizenship, the Court construes his allegations regarding parties' residences as allegations of their states of citizenship.

## CONCLUSION

Defendant Rote's Motion to Join Parties [20] is denied.

IT IS SO ORDERED.

Dated this \_\_\_25\_\_\_ day of \_\_\_February\_\_\_, 2016.

_____
MARCO A. HERNÁNDEZ
United States District Judge