Joel Christiansen, OSB #080561
VOGELE & CHRISTIANSEN
812 NW 17th Avenue
Portland, OR 97209
T: (503) 841-6722
E: joel@oremploymentlawyer.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MAX ZWEIZIG**, | Case No. 3:15-cv-02401-HZ |
| Plaintiff, | **PLAINTIFF'S MOTIONS TO DISMISS AND STRIKE DEFENDANT ROTE'S COUNTERCLAIMS** |
| v. | |
| **TIMOTHY C. ROTE**, a citizen of the state of Oregon, **NORTHWEST DIRECT TELESERVICES, INC.**, an Oregon for-profit corporation, **NORTHWEST DIRECT MARKETING OF OREGON, INC.**, an Oregon for-profit corporation, **NORTHWEST DIRECT MARKETING, INC.**, an Oregon for-profit corporation, **NORTHWEST DIRECT OF IOWA, INC.**, an Iowa for-profit corporation, **ROTE ENTERPRISES, LLC**, an Oregon limited liability company, **NORTHWEST DIRECT MARKETING, INC.**, aka Northwest Direct Marketing (Delaware), Inc., a Delaware Corporation, and **DOES 1 through 5**, | |
| Defendants. | |

**LR 7 CERTIFICATION**

Counsel for Plaintiff, Joel Christiansen, hereby certifies that he attempted to confer with Defendant Timothy C. Rote ("Rote") concerning the subject of this motion and as of the

Page 1 of 8 -   PLAINTIFF'S MOTIONS TO DISMISS AND STRIKE DEFENDANT ROTE'S COUNTERCLAIMS

filing of this motion the parties have been unable to resolve the dispute. In response to Christiansen's attempt to meet and confer, Rote expressed a willingness to amend his pleadings. However, in the interest of moving this matter forward, Plaintiff welcomes Rote to concede any claims he wishes in his response to this motion.

## MOTIONS

Pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff moves this Court to dismiss Rote's second, third, and fifth counterclaims[1]. Plaintiff also moves in the alternative to strike Rote's fifth counterclaim pursuant to Fed. R. Civ. P. 12(f). This motion is based upon the court's file and the legal memorandum below.

Plaintiff filed a special motion to strike Rote's first counterclaim (defamation), sixth counterclaim (intentional interference), and seventh counterclaim (aiding and abetting) contained in Rote's second amended complaint pursuant to Oregon's anti-SLAPP statute, ORS 31.150 *et seq*. Plaintiff's Motion to Strike, ECF 40. As of today's date, that motion is fully briefed. Because Plaintiff's special motion to strike Rote's first, sixth, and seventh counterclaims is "treated as a motion to dismiss" under ORS 31.150(1), Plaintiff's instant motion to dismiss and strike does not address those claims. In the event this Court declines to grant Plaintiff's special motion to strike, Plaintiff reserves the right to seek leave to file an additional Fed. R. Civ. P. 12(b)(6) motion against those counterclaims.

## LEGAL MEMORANDUM

**I.     Background**

Plaintiff filed the present employment discrimination action against Rote, a citizen of Oregon, six corporate entities allegedly owned by Rote, and five Doe defendants on December 24, 2015. Complaint, ECF 1. Plaintiff alleges that defendants, in direct response to

---

[1] Defendant Rote filed two amended answers without leave of court, each of which asserts additional counterclaims against Plaintiff. Therefore, Plaintiff moves to strike Rote's Second Amended Answer, ECF 29, as it fails to comply with Fed. R. Civ. P. 15(a). However, for the sake of expediting this matter, Plaintiff moves against the counterclaims as set forth in Rote's Second Amended Answer in the event this Court is inclined to consider the additional claims Rote asserted in that pleading.

Plaintiff's protected activity, created a website, "Sitting Duck Portland," which describes Plaintiff's pursuit of employment-related claims against Rote's companies in private arbitration. *Id.* at ¶ 25. The Sitting Duck Portland website disparages Plaintiff, his fiancé, and his counsel. *Id.* at ¶ 27. Plaintiff alleges that the content of the Sitting Duck Portland website constitutes a series of ongoing adverse employment actions targeted at Plaintiff due to his participation in protected conduct. *Id*. at ¶ 28. Plaintiff brings claims of whistleblower discrimination and retaliation, retaliation for opposing unlawful conduct, and aiding and abetting. *Id*. at ¶¶ 31-57.

Rote filed an answer and the following four counterclaims against Plaintiff on January 28, 2016: (1) defamation, (2) "interference", (3) abuse of process and malicious prosecution, and (4) a reservation of Rote's right to seek leave to add additional counterclaims. Answer, ECF 11. Rote filed an amended answer later the same day - January 28, 2016. Amended Answer, ECF 19. The amended answer asserted an additional counterclaim against Plaintiff for attorney fees, expert witness fees, and costs. *Id.* Finally, Rote filed a second amended answer, including yet two more counterclaims against Plaintiff (seven counterclaims total) on March 10, 2016, also without leave. Second Amended Answer, ECF 29. The second amended complaint added counterclaims for intentional infliction of emotional distress, and "aiding and abetting." *Id.*

## II.   Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that every claim in a pleading be supported by "a short and plain statement of the claim showing that the pleader is entitled to relief." A party may move to dismiss a claim that fails "to state a claim upon which relief can be granted" pursuant to Fed. R. Civ. P. 12(b)(6). In ruling on a motion under Fed. R. Civ. P. 12(b)(6), a court "accept[s] as true all well pleaded facts in the complaint and construe[s] them in the light most favorable to the nonmoving party." *Zadrozny v. Bank of N.Y. Mellon*, 720 F.3d 1163, 1167 (9th Cir. 2013) (citations and internal quotation marks omitted). A complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rote's counterclaims fail to meet this standard and should therefore be dismissed or stricken.

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "'[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial....'" *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quoting *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)), rev'd on other grounds, 510 U.S. 517 (1994). Grounds for a motion to strike must appear on the face of the pleading or from matters which the court may judicially notice. *See Fantasy, Inc.,* 984 F.2d at 1528; *Securities and Exch. Comm'n v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995). When ruling on a motion to strike, the court must accept as true the pleader's factual allegations. *See Vokal v. United States*, 177 F.2d 619, 623-24 (9th Cir. 1949).

**III.    Rote's Counterclaims Are Subject to a Motion to Dismiss Because They Fail to State a Claim Upon Which Relief Can Be Granted and Rote's Fifth Counterclaim Is Also Subject to a Motion to Strike Because It Does Not State Does Not State a Sufficient Defense**

As set forth below, Rote's counterclaims fail to state a claim upon which relief can be granted. Moreover, Rote's fifth counterclaim is insufficient, immaterial, and impertinent because it provides no basis whatsoever for a counterclaim. The relevant legal standards and allegations associated with each of Rote's purported counterclaims are addressed in turn below.

    **A.    Rote's Second Counterclaim (Interference)**

Rote's second counterclaim is for interference. To state a claim for the tort of intentional interference with economic relations, Rote must allege each of the following elements: (1) the existence of a professional or business relationship; (2) intentional

interference with that relationship or advantage; (3) by a third party; (4) accomplished through improper means or for an improper purpose; (5) a causal effect between the interference and the harm to the relationship or prospective advantage; and (6) damages. *Allen v. Hall*, 328 Or. 276, 281 (1999). *See McGanty v. Staudenraus*, 321 Or. 532, 535–536 (1995); *Straube v. Larson*, 287 Or. 357, 360–361 (1979); *Wampler v. Palmerton*, 250 Or. 65, 73–76 (1968).

>Rote's interference claim reads as follows:

>As a Second and Separate Counterclaim, this Answering Defendant alleges that Plaintiff is seeking to seize and convert property owned by NDM to his own by asserting falsely that the protective order precludes NDT's right to determine the confidentiality to be afforded forensic reports done on its owned computers and hard drives. As a result of this behavior by Plaintiff, Defendant's efforts to generate revenue from advertising on the blog have been delayed substantially, resulting in damages of no less than $500,000.

>Second Amended Answer, ¶ 32.

Rote's interference claim fails to allege facts that give rise to a claim for intentional interference with economic relations. First, Rote utterly fails to allege the existence of any professional or business relationship. While Rote alludes generally to efforts to generate potential advertising revenue, the counterclaim does not specify that any actual or prospective relationship ever existed. Additionally, Rote fails to allege that Plaintiff knew about any such relationship, which is required under Oregon law. *See Erlandson v. Pullen*, 45 Or. App. 467, 471 (1980).

Second, Rote does not allege facts suggesting "intentional" interference with any relationship. To the contrary, Rote's claim alleges that Plaintiff seeks to "seize and convert property [...] by asserting falsely that the protective order precludes NDT's [rights.]" *Id.* Even if Plaintiff's so-called attempts to seize and convert property had the effect of somehow interfering with one or more of Rote's relationships, there is nothing to suggest that such interference was anything more than incidental. *Empire Fire & Marine Ins. Co. v. Fremont Indem. Co.*, 90 Or. App. 56, 63 (1988) ("incidental interference . . . is not actionable"). To the contrary, Rote's counterclaim suggests that Plaintiff's intent is to seize property, not interfere

with Rote's relationships.

Third, the face of Rote's pleading does not state that Plaintiff interfered through improper means or for an improper purpose. Rote must plead not only "that [Plaintiff] intentionally interfered with [Rote's] business relationship but also that [Plaintiff] had a duty of non-interference; i.e., that he interfered for an improper purpose rather than for a legitimate one, or that [Plaintiff] used improper means which resulted in injury to [Rote]." *Straube*, 287 Or. at 361. There is no such allegation in Rote's claim. Even in the light most favorable to Rote, the allegations amount to a statement that Plaintiff is falsely asserting a protective order applies with the intent to seize property. Rote's allegations do not establish improper purpose or means as required for an interference claim.

Fourth, Rote fails to allege anything other than a conclusory statement that Plaintiff's attempt to seize property has resulted in substantial delays to Rote's efforts to generate advertising revenue on his website. This non-factual, conclusory allegation does not meet Rote's burden to plead facts that causally connect some kind of interference with a harmed relationship. For the reasons above, Rote's second counterclaim must be dismissed for failure to state a claim for relief.

## B.    Rote's Third Counterclaim (Malicious Prosecution)

The required elements for a claim of "wrongful initiation of civil proceedings" in Oregon are: (1) the commencement and prosecution by the defendant of a judicial proceeding against the plaintiff; (2) the termination of the proceeding in the plaintiff's favor; (3) the absence of probable cause to prosecute the action; (4) the existence of malice, or as is sometimes stated, the existence of a primary purpose other than that of securing an adjudication of the claim; and (5) damages. *Alvarez v. Retail Credit Ass'n of Portland, Or., Inc.*, 234 Or. 255, 259–260 (1963); *See also Pereira v. Thompson*, 230 Or. App. 640, 674–675 (2009).

In his third counterclaim against Plaintiff, Rote alleges that "Plaintiff is engaged in harassment in the form of Abuse of Process and Malicious Prosecution, pursuing the claims for the benefit of other non-named Plaintiff's [sic] and designed to intimidate and harass Rote

Page 6 of 8 -   PLAINTIFF'S MOTIONS TO DISMISS AND STRIKE DEFENDANT ROTE'S COUNTERCLAIMS

as an individual. As a result of this behavior Defendant has been damaged in the amount to be determined at trial but no less than $100,000." Second Amended Answer, ¶ 33. Rote's counterclaim fails outright because there is no allegation of a termination of any proceeding in Rote's favor. The court record indicates there is no such termination. Moreover, Rote does not allege any facts suggesting the absence of probable cause for Plaintiff to prosecute claims against him. As a result of these shortcomings, Rote's third counterclaim must be dismissed.

        **C.**    **Rote's Fifth Counterclaim (Reservation of Right to Seek Leave to Amend)**

Rote's fifth counterclaim asserts a reservation of Rote's right to seek leave to amend his answer to assert additional counterclaims. Specifically, Rote alleges he "presently has insufficient knowledge and information upon which to form a belief as to whether he may have other COUNTERCLAIMS. As such, this Answering Defendant reserves the right to seek leave of Court to amend his Answer to assert additional COUNTERCLAIMS in the event that discovery reveals facts which render them appropriate." Rote's counterclaim has no legal basis whatsoever and is not properly included as a counterclaim. Plaintiff moves the court to dismiss or strike Rote's counterclaim because it fails to state a legally cognizable counterclaim and is insufficient, immaterial, and impertinent.

### CONCLUSION

Based on the foregoing, Plaintiff respectfully requests an order dismissing Rote's second and third counterclaims and an order striking or dismissing Rote's fifth counterclaim.

Dated: May 28, 2016        VOGELE & CHRISTIANSEN

                                        */s/ Joel Christiansen*
                                        Joel Christiansen, OSB #080561
                                        Of Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing PLAINTIFF'S MOTIONS TO DISMISS AND STRIKE DEFENDANT ROTE'S COUNTERCLAIMS on:

Timothy Rote
24790 SW Big Fir Rd.
West Linn, OR 97068
*Pro Se Defendant*

Andrew C. Brandsness
BRANDSNESS, BRANDSNESS & RUDD, P.C.
411 Pine Street
Klamath Falls, OR 97601
*Of Attorneys for Defendants Northwest Direct Teleservices, Inc.; Northwest Direct Marketing of Oregon, Inc.; Northwest Direct Marketing, Inc.; Northwest Direct of Iowa, Inc.; Rote Enterprises, LLC; Northwest Direct Marketing, Inc. aka Northwest Direct Marketing (Delaware), Inc.*

through the Court's electronic filing system on May 28, 2016.

*/s/ Joel Christiansen*
Joel Christiansen, OSB #080561
Of Attorneys for Plaintiff