Joel Christiansen, OSB #080561
VOGELE & CHRISTIANSEN
812 NW 17th Avenue
Portland, OR 97209
T: (503) 841-6722
E: joel@oremploymentlawyer.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

|  |  |
|---|---|
| **MAX ZWEIZIG**, | Case No. 3:15-cv-02401-HZ |
| Plaintiff, | **PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTIONS TO DISMISS AND STRIKE DEFENDANT ROTE'S COUNTERCLAIMS** |
| v. | |
| **TIMOTHY C. ROTE**, a citizen of the state of Oregon, **NORTHWEST DIRECT TELESERVICES, INC.**, an Oregon for-profit corporation, **NORTHWEST DIRECT MARKETING OF OREGON, INC.**, an Oregon for-profit corporation, **NORTHWEST DIRECT MARKETING, INC.**, an Oregon for-profit corporation, **NORTHWEST DIRECT OF IOWA, INC.**, an Iowa for-profit corporation, **ROTE ENTERPRISES, LLC**, an Oregon limited liability company, **NORTHWEST DIRECT MARKETING, INC.**, aka Northwest Direct Marketing (Delaware), Inc., a Delaware Corporation, and **DOES 1 through 5**, | |
| Defendants. | |

Defendant Timothy Rote's ("Rote") reply to Plaintiff's motion to dismiss Rote's

second, third, and fifth counterclaims is based almost entirely on allegations outside of Rote's

complaint. Returning to "all well pleaded facts in the complaint" (*Zadrozny v. Bank of N.Y.*

*Mellon*, 720 F.3d 1163, 1167 (9th Cir. 2013)), it is clear that Rote has failed to properly plead counterclaims against Plaintiff under the standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This court should therefore grant Plaintiff's motion to dismiss for the reasons set forth in Plaintiff's original motion and legal memorandum.

**1.    Rote's Second Counterclaim - Interference**

The shortcomings in Rote's second counterclaim for intentional interference with economic relations are: (1) it identifies no professional or business relationship, (2)  it fails to plead intent, (3) as pleaded, it suggests no improper purpose, and (4) it fails to plead causation. While Rote attempts to elaborate his belief that Plaintiff is incorrectly asserting the application of a protective order and that Plaintiff has somehow thwarted the "blogs [sic] revenue opportunity", the clarifications in Rote's response simply suggest that Rote's second counterclaim is based wholly on Plaintiff's privileged litigation-related arguments. *See, e.g. Tubra v. Cooke*, 233 Or App 339, 348, 225 P3d 862 (2010) ("statements made as part of judicial and quasi-judicial proceedings are absolutely privileged"). In any event, Rote's arguments do not change the fact this his claim is deficiently pled and must be dismissed by this Court.

**2.    Rote's Third Counterclaim - Malicious Prosecution**

Rote admits that his third counterclaim is deficiently plead. As with his response to the other counterclaims, Rote improperly relies upon information and unsupported assumptions that are found nowhere in his pleadings. Rote does not address the arguments in Plaintiff's motion to dismiss the counterclaim with any reference to the substance contained in the pleadings. As Plaintiff spelled out in his motion to dismiss, Rote fails to properly plead a malicious prosecution claim against Plaintiff because Rote fails to identify (1) the termination of a judicial proceeding against Rote in Rote's favor, or (2) the absence of probable cause to pursue the instant action against Rote. The counterclaim must be dismissed as pled.

**3.      Rote's Fifth Counterclaim - Reservation of Rights**

Rote has not responded to Plaintiff's motion to dismiss or, in the alternative, strike his fifth counterclaim. Rote has therefore conceded that his counterclaim should be dismissed or stricken.

Dated: June 22, 2016                          VOGELE & CHRISTIANSEN


                                              */s/ Joel Christiansen*
                                              Joel Christiansen, OSB #080561
                                              Of Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTIONS TO DISMISS AND STRIKE DEFENDANT ROTE'S COUNTERCLAIMS on:

Timothy Rote
24790 SW Big Fir Rd.
West Linn, OR 97068
*Pro Se Defendant*

Andrew C. Brandsness
BRANDSNESS, BRANDSNESS & RUDD, P.C.
411 Pine Street
Klamath Falls, OR 97601
*Of Attorneys for Defendants Northwest Direct Teleservices, Inc.; Northwest Direct Marketing of Oregon, Inc.; Northwest Direct Marketing, Inc.; Northwest Direct of Iowa, Inc.; Rote Enterprises, LLC; Northwest Direct Marketing, Inc. aka Northwest Direct Marketing (Delaware), Inc.*

through the Court's electronic filing system on June 22, 2016.

*/s/ Joel Christiansen*
Joel Christiansen, OSB #080561
Of Attorneys for Plaintiff