IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MAX ZWEIZIG,

       Plaintiff/
       Counter Defendant,

   v.

NORTHWEST DIRECT TELESERVICES, INC.;
NORTHWEST DIRECT MARKETING OF
OREGON, INC.; TIMOTHY ROTE;
NORTHWEST DIRECT MARKETING
(DELAWARE), INC.; NORTHWEST DIRECT
OF IOWA, INC.; ROTE ENTERPRISES, LLC;
NORTHWEST DIRECT MARKETING, INC.;
DOES 1-5.
             Defendant/Counter Claimant.

No. 3:15-cv-02401-HZ

OPINION & ORDER

Joel W. Christiansen
812 NW 17th Avenue
Portland, OR 97209

     Attorney for Plaintiff/Counter Defendant

Andrew C. Brandsness
Brandsness Brandsness & Rudd, P.C.
411 Pine Street
Klamath Falls, OR 97601

      Attorney for Defendants/Counter Claimants Northwest Direct
      Teleservices, Inc.; Northwest Direct Marketing of
      Oregon, Inc.; Northwest Direct Marketing (Delaware)
      Inc.; Northwest Direct of Iowa, Inc.; Rote Enterprises,
      LLC; Northwest Direct Marketing, Inc.; Does 1-5.

Timothy Rote
24790 SW Big Fir Road
West Linn, OR 97068

      Pro Se Defendant/Counter Claimant


HERNÁNDEZ, District Judge:

      Pro se Defendant/Counter Claimant Timothy Rote brings seven counterclaims against

Plaintiff/Counter Defendant Max Zweizig. Plaintiff moves to dismiss the second, third, and fifth

counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6). Alternatively, Plaintiff

moves to strike the fifth counterclaim pursuant to Federal Rule of Civil Procedure 12(f). The

Court grants Plaintiff's motion to dismiss.

## BACKGROUND

      The parties' litigation history in this matter was set forth by this Court in a prior Opinion

& Order:

> Plaintiff Max Zweizig alleges that he was terminated by Defendant Northwest Direct
> Teleservices, Inc. (NDT), a corporate entity owned by Timothy Rote, after Zweizig
> reported to the Oregon Department of Justice and the Lane County District Attorney that
> NDT had engaged in criminal activity. Compl. ¶¶ 17-18, ECF 1. Zweizig also alleges that
> Rote and NDT took other adverse actions against Zweizig, including publishing
> statements to third parties and the general public accusing Zweizig of destroying data and
> engaging in other criminal and civil misconduct during his employment at NDT. Id. at ¶
> 18.

> The parties engaged in arbitration related to this employment dispute for several years
> and, ultimately, an arbitrator found in Zweizig's favor and awarded damages to Zweizig.

Id. at ¶ 21. The arbitration award was reduced to a judgment; however, NDT has failed to satisfy that judgment. Id. at ¶ 22. On March 11, 2014, Zweizig filed a lawsuit against NDT, Rote, and related corporate entities, alleging that the defendants violated the Uniform Fraudulent Transfer Act and engaged in other fraudulent activity to defeat Zweizig's ability to enforce his whistleblower retaliation judgment. Id. at ¶ 23.

On or about February 27, 2015, Defendants created a website, "Sitting Duck Portland," which describes the arbitration between Rote's companies and Zweizig. Id. at ¶ 25. According to Zweizig, the Sitting Duck Portland website disparages Zweizig, his fiancée, and his counsel. Id. at ¶ 27.

On December 24, 2015, Zweizig filed the present employment discrimination action against Rote, a citizen of Oregon; six corporate entities allegedly owned by Rote, including NDT; and five Doe defendants. Zweizig alleges that the content of the Sitting Duck Portland website constitutes a series of ongoing adverse employment actions targeted at Zweizig due to his participation in protected conduct. Id. at ¶ 28. Zweizig brings claims of whistleblower discrimination and retaliation, retaliation for opposing unlawful conduct, and aiding and abetting. Id. at ¶¶ 31-57.

Zweizig v. Nw. Direct Teleservices, Inc., No. 3:15-CV-02401-HZ, 2016 WL 755626, at *1 (D.

Or. Feb. 25, 2016).

On January 28, 2016, Defendant Rote filed an answer to Plaintiff's complaint. Answer,

ECF 11. The same day, Defendant filed an amended answer. Am. Answer, ECF 19. On March

10, 2016, Defendant filed a second amended answer[1]. Second Am. Answer, ECF 29. In this

second amended answer, Defendant asserts seven counterclaims: (1) defamation, (2)

interference, (3) abuse of process and malicious prosecution, (4) attorney's fees, (5) an unnamed

counterclaim, (6) intentional infliction of emotional distress, and (7) aiding and abetting. Id.

## STANDARDS

"Where a counterclaim fails to state a claim upon which relief can be granted, it must be

dismissed." Silliman v. Hawes Fin. Grp., Inc., No. 6:15-CV-00285-AA, 2015 WL 5056353, at

---

[1] In violation of Federal Rule of Civil Procedure 15, Defendant did not obtain written consent from Plaintiff or leave from the Court to file a second amended answer. See Fed. R. Civ. P. 15(a) (stating that a party may amend its pleading once as a matter of course within 21 days after serving it, with the opposing party's written consent, or with the court's leave). However, because Plaintiff frames his motions based on Defendant's Second Amended Answer and asks this Court for a ruling using that as the operative pleading, The Court accepts Defendant's filing. However, he is warned that any future filing that fails to comply with the Rules will be rejected.

*1 (D. Or. Aug. 26, 2015) (quotation omitted). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." Am. Family Ass'n, Inc. v. City & Cnty. of S.F., 277 F.3d 1114, 1120 (9th Cir. 2002). However, the court need not accept conclusory allegations as truthful. See Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003) ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint, and we do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations.") (internal quotation marks, citation, and alterations omitted). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" Id. (citations and footnote omitted).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

(internal quotation marks omitted). A complaint must contain "well-pleaded facts" which "permit

the court to infer more than the mere possibility of misconduct[.]" Id. at 679.

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97,

106 (1976)) (citations omitted).

## DISCUSSION

## I.    Interference

Defendant's second counterclaim, titled "Interference," alleges as follows:

> As a Second and Separate Counterclaim, this Answering Defendant alleges that Plaintiff
> is seeking to seize and convert property owned by NDM to his own by asserting falsely
> that the protective order precludes NDT's right to determine the confidentiality to be
> afforded forensic reports done on its owned [sic] computers and hard drives. As a result
> of this behavior by Plaintiff, Defendant's efforts to generate revenue from advertising on
> the blog have been delayed substantially, resulting in damages of no less than $500,000.

Second Am. Answer ¶ 32.

In Oregon, the tort of intentional interference with economic relations requires Defendant

to prove: "(1) the existence of a professional or business relationship (which could include, *e.g.*,

a contract or a prospective economic advantage), (2) intentional interference with that

relationship, (3) by a third party, (4) accomplished through improper means or for an improper

purpose, (5) a causal effect between the interference and damage to the economic relationship,

and (6) damages." Rotec Indus., Inc. v. Mitsubishi Corp., 348 F.3d 1116, 1122 (9th Cir. 2003)

(quoting McGanty v. Staudenraus, 321 Or. 532, 901 P.2d 841, 844 (1995)).

In his response to Plaintiff's motion to dismiss, Defendant introduces new allegations,

which do not appear in his counterclaim. Defendant states that he "has previously provided a

contract between [himself] and the Northwest Entities, permitting him to use litigation material

in his Blog." Def.'s Resp. 7. Defendant argues that Plaintiff is seeking to interfere with this

relationship between Defendant and Northwest Entities.

However, these new allegations, which are nowhere to be found in Defendant's

counterclaim, are "irrelevant for Rule 12(b)(6) purposes." Schneider v. Cal. Dep't of Corr., 151

F.3d 1194, 1197 n. 1 (9th Cir. 1990) ("In determining the propriety of a Rule 12(b)(6) dismissal,

a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum

in opposition to a defendant's motion to dismiss."). "In evaluating plaintiff['s] motion, the Court

cannot consider materials beyond the pleadings and therefore disregards the new factual

allegations first articulated in defendant['s] response brief." See Silliman, 2015 WL 5056353, at

*2.

While the Court liberally construes the facts in the counterclaims in Defendant's favor, he

still must state a claim for relief that is "plausible on its face." Iqbal, 556 U.S. at 678. The

counterclaim appears to allege that Plaintiff's intent is to seize property from other defendants in

this case—defendants who have not raised any counterclaims of their own. As pleaded,

Defendant fails to allege any existence of a professional or business relationship. Nor does

Defendant allege any intentional interference by Plaintiff with a professional or business

relationship. Because Defendant fails to allege the first two required elements of his claim, it

follows that he is unable to state a claim as to the remaining elements of the tort as well.

Therefore, the Court dismisses Defendant's interference claim.

II.      Abuse of Process and Malicious Prosecution

Defendant concedes that his third counterclaim of "Abuse of Process & Malicious

Prosecution" is "clumsily plead [sic]," and he clarifies his intent to plead a claim of "abuse of

process" only. Def.'s Resp. 7, ECF 51. The counterclaim is stated as follows:

> As a Third and Separate Counterclaim, this Answering Defendant alleges that Plaintiff is engaged in harassment in the form of Abuse of Process and Malicious Prosecution, pursuing the claims for benefit of other non-named Plaintiff's [sic] and designed to intimidate and harass [Defendant] as an individual. As a result of this behavior Defendant has been damaged in the amount to be determined at trial but no less than $100,000.

Second Am. Answer ¶ 33.

Under Oregon law, the tort of abuse of process "is the perversion of a process that is regular on its face to a purpose for which the process is not intended." Columbia County v. Sande, 175 Or. App. 400, 408 (2001). In other words, "[t]he tort involves the use of the process as a club by which to extort something unrelated to the process from the other party." Clausen v. Carstens, 83 Or. App. 112, 118 (1986). To plead a claim of abuse of process, a plaintiff must allege (1) an ulterior purpose, beyond malice, that is unrelated to the process and (2) a willful act in the use of the process that is not proper in the regular conduct of the proceeding.[2] Columbia County, 175 Or. App. at 408; see also Hartley v. State Water Resources Dept., 77 Or. App. 517, 522 (1986) (a defendant cannot be liable for abuse of process where he has "done nothing more than carry out the process to its authorized conclusion, even though with bad intentions").

Defendant alleges that Plaintiff abused the judicial process by filing claims to intimidate and harass Defendant and to benefit other people. The claims Plaintiff has filed against Defendant in his individual capacity are for (1) retaliation for opposing unlawful conduct, and (2) aiding and abetting. Defendant fails to adequately allege what Plaintiff's ulterior motive was, beyond malice, when he filed the lawsuit. Nor does he explain what is Plaintiff's "willful act"

---

[2] Courts in this district disagree about whether an abuse of process claim requires "an actual arrest or seizure of property" in addition to the elements listed above. Compare Voltage Pictures, LLC v. Blake, No. 3:14-CV-1875-AC, 2015 WL 9272880, at *4 (D. Or. Dec. 17, 2015) and Aero-Tech, Inc. v. Robert Jackson Family Trust, No. 01-447-KI, 2001 WL 1471753, at *8 (D. Or. Sept. 6, 2001) with Huffman v. Scappoose Sch. Dist. No. 1 J, No. 3:14-CV-00941-MO, 2015 WL 4546084, at *12 (D. Or. July 28, 2015) and Andersen v. Atl. Recording Corp., No. 07-CV-934-BR, 2010 WL 1798441, at *9-10 (D. Or. May 4, 2010). Here, Defendant fails to state a claim under either iteration of the required elements for abuse of process.

that is not proper in the regular conduct of this proceeding. Defendant's contention that Plaintiff

filed the lawsuit to benefit other "non-named" plaintiffs is not sufficient to state a claim that is

"plausible on its face." See Iqbal, 556 U.S.  at 678. The Court dismisses Defendant's claim.

III.     Reservation of Right to Seek Leave to Amend

Defendant's fifth counterclaim states:

This Answering Defendant presently has insufficient knowledge and information upon
which to form a belief as to whether he may have other COUNTERCLAIMS. As such,
this Answering Defendant reserves the right to seek leave of Court to amend his Answer
to assert additional COUNTERCLAIMS in the event that discovery reveals facts which
render them appropriate.

Sec. Am. Answer ¶ 35.

Plaintiff moves to dismiss or strike Defendant's counterclaim because it has no legal

basis. Defendant offers no response. Because Defendant fails to state a claim upon which relief

can be granted, this counterclaim must be dismissed as well.

## CONCLUSION

The Court grants Plaintiff's Motion to Dismiss [49]. If Defendant wishes to amend his

counterclaims, he must seek leave to amend pursuant to Federal Rule of Civil Procedure 15 and

Local Rule 15-1.

IT IS SO ORDERED.

Dated this _____ 17 _____ day of _____August_____, 2016.

_____
MARCO A. HERNÁNDEZ
United States District Judge

8 - OPINION & ORDER