Joel Christiansen, OSB #080561
Vogele & Christiansen
812 NW 17th Avenue
Portland, OR 97209
(503) 841-6722
joel@oremploymentlawyer.com

    Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MAX ZWEIZIG,<br><br>    Plaintiff,<br><br>v.<br><br>TIMOTHY C. ROTE, a citizen of the state of Oregon, NORTHWEST DIRECT TELESERVICES, INC., an Oregon for-profit corporation, NORTHWEST DIRECT MARKETING OF OREGON, INC., an Oregon for-profit corporation, NORTHWEST DIRECT MARKETING, INC., an Oregon for-profit corporation, NORTHWEST DIRECT OF IOWA,INC., an Iowa for-profit corporation, ROTE ENTERPRISES, LLC, an Oregon limited liability company, NORTHWEST DIRECT MARKETING, INC., aka Northwest Direct Marketing (Delaware), Inc., a Delaware Corporation, and DOES 1 through 5,<br><br>    Defendants. | Case No.: 3:15-cv- 02401-HZ<br><br>**PLAINTIFF'S MOTIONS IN LIMINE** |

    Plaintiff Max Zweizig ("Zweizig") moves in limine to exclude the following evidence in the parties' upcoming trial in this matter:

Page 1 - PLAINTIFF'S MOTIONS IN LIMINE

**(1) MOTION 1: To exclude evidence offered to relitigate the parties' prior arbitration or related proceedings**

Rote's filings throughout this case demonstrate his intent to relitigate the parties' prior arbitration, for which all review and appeal rights have been exhausted for many years. Zweizig moves to exclude any evidence that will result in *de facto* relitigation of the issues involved in that arbitration or in any subsequent court review of that arbitration. This specifically includes any evidence Rote might attempt to offer to prove arbitrator misconduct, judicial misconduct, or perjury in the underlying matters. It also includes evidence related to: (a) Zweizig's basis for his original protected reports to law enforcement, (b) the reason NDT terminated Zweizig's employment, and (c) any other evidence that challenges the result of Zweizig's prior successful legal claims against NDT for whistleblower retaliation.

Any such evidence would be irrelevant to the claims at issue in this case (Fed. R. Evid., Rule 401). The evidence would also be unfairly prejudicial, confusing, time-wasting, and cumulative (Fed. R. Evid., Rule 403). Moreover, the parties are bound by the outcome of the arbitration and subsequent proceedings under the doctrines of res judicata and collateral estoppel and it would therefore be inappropriate to relitigate the issues at this juncture.

Regarding res judicata and collateral estoppel, the Ninth Circuit has held:

> [a]n arbitration decision can have res judicata or collateral estoppel effect.... C.D. Anderson & Co., Inc. v. Lemos, 832 F.2d 1097, 1100 (9th Cir.1987). In applying res judicata and collateral estoppel to an arbitration proceeding, we make an examination of the record, if one exists, including any findings of the arbitrators. See, e.g., Emich Motors Corp. v. General Motors Corp., 340 U.S. 558, 569, 71 S.Ct. 408, 414, 95 L.Ed. 534 (1950). We must decide whether a rational factfinder could have reached a conclusion based upon an issue other than that which the defendant seeks to foreclose. See Ashe v. Swenson, 397 U.S. 436, 444, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970).
>
> * * *
>
> The party asserting preclusion bears the burden of showing with clarity and certainty what was determined by the prior judgment. United States v. Lasky, 600 F.2d 765, 769 (9th

Cir.), cert. denied, 444 U.S. 979, 100 S.Ct. 480 (1979).

BNSF Ry. Co. v. Albany & E. R.R. Co., 741 F. Supp. 2d 1184, 1193–94 (D. Or. 2010)(quoting Clark v. Bear Stearns & Co., Inc., 966 F.2d 1318, 1321 (9th Cir.1992)).

The arbitrator's opinion involved in the current case sufficiently identifies the relevant claims and allegations and issues a specific ruling with regard to each such claim. The arbitrator's determinations were clear: (1) NDT unlawfully terminated Zweizig's employment in retaliation for protected whistleblowing, and (2) NDT failed to prove that Zweizig engaged in any wrongful conduct related to his employment with NDT. Rote now wishes to sidetrack this case by relitigating the determinations. Zweizig therefore moves this Court for an order preventing Rote from doing so.

**(2)      MOTION 2: To exclude evidence offered to prove that Zweizig deleted, destroyed, or otherwise failed to return software, codes, or applications**

Rote's filings indicate that he will attempt to prove at trial that Zweizig deleted, destroyed, or otherwise failed to return software, codes, or applications during Zweizig's prior employment with NDT. Plaintiff moves to exclude any evidence that Rote may attempt to offer for this purpose.

In the prior arbitration involving Zwezig and Defendant Northwest Direct Teleservices, Inc. (NDT), NDT alleged that Zweizig engaged in wrongful conduct "by deleting, destroying, or otherwise failing to return to [Northwest Direct Teleservices, Inc.] certain software, codes, and applications." See Arbitrator's Opinion & Order dated March 31, 2011 (Pl. Ex. 3). The arbitrator ruled, after comprehensive discovery and multiple days of hearings, that there was not sufficient evidence to prove that Zweizig had deleted, destroyed, or failed to return software, codes, or applications and ruled in Zweizig's favor on all related claims. Id. The findings were reviewed at length and adopted by this Court. See Order Confirming Arbitration Award in Northwest Direct Teleservices, Inc. v. Zweizig, Case 3:11-cv-00910-PK (D. Or., Feb. 14, 2012) [ECF 46].

To the extent Rote wishes to relitigate these issues, his attempts would be based solely upon his knowledge of the facts as NDT's representative, or, alternatively, through information he

received from NDT under a licensing agreement with NDT See Licensing Agreement (Pl. Ex. 25).

As explained above, the parties are bound by the arbitrator and court rulings under the doctrines of res judicata and collateral estoppel. BNSF Ry. Co., supra. Moreover, given that any evidence related to this topic has no probative value in this case, and also given the risk for unfair prejudice, confusion, and waste of time, the evidence should be excluded under Fed. R. Evid. Rules 401 and 403.

**(3)     MOTION 3: To exclude evidence concerning general government practices of prosecuting alleged cyber criminals**

Rote's witness list and trial memorandum indicate that Rote intends to offer general evidence about how, when, and why the government prosecutes or declines to prosecute alleged cyber criminals. Rote's Witness List, p. 2-3 (See Scott Bradford, Assistant United States Attorney) [ECF 148]; Rote's Trial Memo p. 1 [ECF 146]. Zweizig moves to exclude any such evidence as irrelevant (Fed. R. Evid., Rule 401), unfairly prejudicial, confusing, and time-wasting (Fed. R. Evid., Rule 403).

**(4)     MOTION 4: To exclude any evidence related to the prosecution of Columbia Sportswear's Director of IT Infrastructure**

Rote's witness list and trial memorandum indicate that Rote intends to offer evidence of the government's prosecution of a former Columbia Sportswear employee in a completely unrelated matter. Rote's Witness List, p. 2-3 (See Scott Bradford, Assistant United States Attorney) [ECF 148]; Rote's Trial Memo p. 1 [ECF 146]. Zweizig moves to exclude any such evidence as irrelevant (Fed. R. Evid., Rule 401), unfairly prejudicial, confusing, and time-wasting (Fed. R. Evid., Rule 403).

**(5)     MOTION 5: To exclude any evidence related to the operations of the Oregon State Bar (OSB) or the Professional Liability Fund (PLF)**

Rote's witness list and trial memorandum indicate that Rote intends to call the top-ranking executives at the OSB and PLF as witnesses in this matter. Rote's Witness List, p. 3 (See Helen

Hierschbiel and Carol Bernick) [ECF 148]. According to Rote's summary of the putative witnesses' testimony, Rote intends to offer evidence related to how the OSB and PLF regulate and insure attorneys in Oregon. Zweizig moves to exclude any such evidence as irrelevant (Fed. R. Evid., Rule 401), unfairly prejudicial, confusing, and time-wasting (Fed. R. Evid., Rule 403).

**(6)     MOTION 6: To exclude any evidence related to the arbitrator's former law firm, Schwabe, Williamson & Wyatt**

Rote's witness list and trial memorandum indicate that Rote intends to call general counsel for the Schwabe, Williamson & Wyatt law firm. Rote's Witness List, p. 4 (See Kurt Warner) [ECF 148]. According to Rote's summary of the putative witnesses' testimony, Rote intends to offer evidence related to his allegation the Schwabe firm concealed the arbitrator's file. Zweizig moves to exclude any such evidence as irrelevant (Fed. R. Evid., Rule 401), unfairly prejudicial, confusing, and time-wasting (Fed. R. Evid., Rule 403).

**(7)     MOTION 7: To exclude evidence concerning Plaintiff's representation agreements with counsel.**

Rote's trial memorandum indicates that he will attempt to offer evidence about the nature of Zweizig's representation agreements with his counsel. Rote's Trial Memorandum, p. 5 [ECF 146] ("Once those law firms reviewed the forensic evidence they attempted to move their relationship with Zweizig to hourly instead of contingent."). Zweizig moves to exclude any such evidence as irrelevant (Fed. R. Evid., Rule 401), unfairly prejudicial, confusing, and time-wasting (Fed. R. Evid., Rule 403).

**(8)     MOTION 8: To exclude evidence containing the identity of Zweizig's employer(s) or other persons for whom Zweizig has performed work.**

Zweizig moves to exclude evidence containing the identity of his employer(s) or any other person for whom Zweizig has performed work at any time relevant to this case. At trial, Zweizig will testify that he is not aware of losing any specific work as a result of Rote's publications on the internet. However, Zweizig will testify at length about his ongoing fear and concern that Rote's

voluminous, obsessive, and disparaging publications, by their nature, either: (1) have resulted in loss of work or damage to his reputation without Zweizig ever knowing, and (2) will result in loss of work or damage to his reputation in the future. Zweizig will also testify about the steps he has taken to minimize damage from Rote's publications, including his attempts to maintain complete privacy regarding the nature and details of his work after NDT.

    Given Rote's history, the nature of the conduct at issue in this case, the risk of harm to Zweizig, and the extremely limited relevance, if any, of the identity of Zweizig's work details, Zweizig moves to exclude any evidence that would identify his employer(s) or any other person for whom Zweizig has performed work at any time relevant to this case. Alternatively, to the extent the Court may rule this evidence is admissible, Zweizig requests the evidence be published to the jury in a confidential manner and de-identified to Rote.

Date: 12/13/17    /s/ Joel Christiansen

    Joel Christiansen, OSB #080561
    joel@oremploymentlawyer.com
    Attorney for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing PLAINTIFF'S MOTIONS IN LIMINE on:

Timothy Rote
24790 SW Big Fir Rd.
West Linn, OR 97068
*Pro Se Defendant*

through the Court's electronic filing system on December 13, 2017.

/s/ Joel Christiansen
Joel Christiansen, OSB #080561
Attorney for Plaintiff
