Joel Christiansen, OSB #080561
Vogele & Christiansen
812 NW 17th Avenue
Portland, OR 97209
(503) 841-6722
joel@oremploymentlawyer.com

      Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MAX ZWEIZIG, | Case No.: 3:15-cv- 02401-HZ |
|     Plaintiff, | **PLAINTIFF'S PROPOSED JURY INSTRUCTIONS** |
|     v. | |
| TIMOTHY C. ROTE, a citizen of the state of Oregon, NORTHWEST DIRECT TELESERVICES, INC., an Oregon for-profit corporation, NORTHWEST DIRECT MARKETING OF OREGON, INC., an Oregon for-profit corporation, NORTHWEST DIRECT MARKETING, INC., an Oregon for-profit corporation, NORTHWEST DIRECT OF IOWA,INC., an Iowa for-profit corporation, ROTE ENTERPRISES, LLC, an Oregon limited liability company, NORTHWEST DIRECT MARKETING, INC., aka Northwest Direct Marketing (Delaware), Inc., a Delaware Corporation, and DOES 1 through 5, | |
|     Defendants. | |

    Plaintiff respectfully submits the following proposed Jury Instructions for the

Court's review. Plaintiff has provided Defendant Rote with an electronic version of this document

with consent to file a joint version with the court to: (1) specify which, if any, of plaintiff's proposed instructions are acceptable as joint instructions, and (2) add any additional instructions proposed by Defendant Rote.

Date: <u>12/13/17</u>                    <u>/s/ Joel Christiansen</u>

                                   Joel Christiansen, OSB #080561

                                   joel@oremploymentlawyer.com

                                   Attorney for Plaintiff

**Plaintiff's Proposed Instructions**

| NO | TITLE | AGREED | PLTF'S PROPOSED INSTRUCTION | DEF'S PROPOSED INSTRUCTION |
|---|---|---|---|---|
| 1 | Duty of Jury | | X | |
| 2 | Claims and Defenses | | X | |
| 3 | Burden of Proof—Preponderance of the Evidence | | X | |
| 4 | Two or More Parties —Different Legal Rights | | X | |
| 5 | What is Evidence | | X | |
| 6 | What is Not Evidence | | X | |
| 7 | Direct and Circumstantial Evidence | | X | |
| 8 | Ruling on Objections | | X | |
| 9 | Credibility of Witnesses | | X | |
| 10 | Conduct of the Jury | | X | |
| 11 | Publicity During Trial | | X | |
| 12 | No Transcript Available to Jury | | X | |
| 13 | Taking Notes | | X | |
| 14 | Bench Conferences and Recesses | | X | |
| 15 | Outline of Trial | | X | |
| 16 | Judicial Notice | | X | |
| 17 | Impeachment Evidence —Witness | | X | |
| 18 | Evidence in Electronic Format | | X | |
| 19 | Duty to Deliberate | | X | |
| 20 | Consideration of the | | X | |

| | Evidence—Conduct of the Jury | | | |
|---|---|---|---|---|
| 21 | Communication with Court | | X | |
| 22 | Return of Verdict | | X | |
| 23 | Damages - Proof | | X | |
| 24 | Damages - Mitigation | | X | |
| 25 | Punitive Damages | | X | |
| 26 | Burden of Proof—Clear and Convincing Evidence | | X | |
| 27 | Retaliation—Elements and Burden of Proof | | X | |
| 28 | Aiding and Abetting - Elements and Burden of Proof | | X | |

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 1

### Duty of Jury [1]

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

---

[1] Ninth Circuit Model Civil Jury Instruction No. 1.2 (2017)

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 2

### Claims and Defenses [2]

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff asserts that defendants have unlawfully retaliated against plaintiff by publishing disparaging statements about plaintiff on the internet because plaintiff previously enforced his employment-related rights. Plaintiff asserts that he has suffered emotional distress damages and also requests punitive damages against the defendants because they acted willfully and maliciously. The plaintiff has the burden of proving these claims.

Defendant Rote denies those claims and contends that the publications at issue in this case are not retaliatory. rather, are a private citizen's protected speech concerning his view of the justice system.

---

[2] Ninth Circuit Model Civil Jury Instruction No. 1.5 (2017)(modified)

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 3

### Burden of Proof —Preponderance of the Evidence [3]

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

_____

[3] Ninth Circuit Model Civil Jury Instruction No. 1.6 (2017)

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 4**

**Two or More Parties —Different Legal Rights** [4]

You should decide the case as to each defendant separately. Unless otherwise stated, the instructions apply to all parties.

_____

[4] Ninth Circuit Model Civil Jury Instruction No. 1.8 (2017)

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 5

### What is Evidence [5]

The evidence you are to consider in deciding what the facts are consists of:

1.  the sworn testimony of any witness;

2.  the exhibits that are admitted into evidence;

3.  any facts to which the lawyers have agreed; and

4.  any facts that I may instruct you to accept as proved.

---

[5] Ninth Circuit Model Civil Jury Instruction No. 1.9 (2017)

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 6

### What is Not Evidence [6]

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.      Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.      Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.      Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4.      Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

---

[6] Ninth Circuit Model Civil Jury Instruction No. 1.10 (2017)

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 7

### Direct and Circumstantial Evidence [7]

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

---

[7] Ninth Circuit Model Civil Jury Instruction No. 1.12 (2017)

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 8**

**Ruling on Objections [8]**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

---

[8] Ninth Circuit Model Civil Jury Instruction No. 1.13 (2017)

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 9

### Credibility of Witnesses [9]

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.   the opportunity and ability of the witness to see or hear or know the things testified to;

2.    the witness's memory;

3.   the witness's manner while testifying;

4.   the witness's interest in the outcome of the case, if any;

5.   the witness's bias or prejudice, if any;

6.   whether other evidence contradicted the witness's testimony;

7.   the reasonableness of the witness's testimony in light of all the evidence; and

8.   any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

---

[9] Ninth Circuit Model Civil Jury Instruction No. 1.14 (2017)

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 10

### Conduct of the Jury [10]

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it[,although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn

---

[10] Ninth Circuit Model Civil Jury Instruction No. 1.15 (2017)

about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 11**

**Publicity During Trial [11]**

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

---

[11] Ninth Circuit Model Civil Jury Instruction No. 1.16 (2017)

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 12

### No Transcript Available to Jury [12]

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

_____

[12] Ninth Circuit Model Civil Jury Instruction No. 1.17 (2017)

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 13

### Taking Notes [13]

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

---

[13] Ninth Circuit Model Civil Jury Instruction No. 1.18 (2017)

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 14

### Bench Conferences and Recesses [14]

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

---

[14] Ninth Circuit Model Civil Jury Instruction No. 1.20 (2017)

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 15**

**Outline of Trial [15]**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

---

[15] Ninth Circuit Model Civil Jury Instruction No. 1.21 (2017)

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 16**

**Judicial Notice[16]**

The court has decided to accept as proved that:

(1)     The result of the earlier arbitration between the parties was as it was described in the Opinion and Order of the arbitrator dated March 31, 2011 (Plaintiff's Exhibit 03). You must accept this fact as true.

(2)     Having heard from both parties, the United States Federal Court has adopted the arbitrator's decision as it is written and entered judgment accordingly.

---

[16] Ninth Circuit Model Civil Jury Instruction No. 2.3 (2017)(modified)

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 17

### Impeachment Evidence - Witness [17]

The evidence that a witness lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

---

[17] Ninth Circuit Model Civil Jury Instruction No. 2.9 (2017)

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 18

### Evidence in Electronic Format [18]

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the clerk.) If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the clerk present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data from the jury room, and do not

---

[18] Ninth Circuit Model Civil Jury Instruction No. 2.16 (2017)

copy any such data.

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 19**

**Duty to Deliberate [19]**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

---

[19] Ninth Circuit Model Civil Jury Instruction No. 3.1 (2017)

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 20

### Consideration of Evidence — Conduct of the Jury [20]

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

---

[20] Ninth Circuit Model Civil Jury Instruction No. 3.2 (2017)

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 21**

**Communication with Court [21]**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

---

[21] Ninth Circuit Model Civil Jury Instruction No. 3.3 (2017)

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 22

### Return of Verdict [22]

A verdict form has been prepared for you. [Explain verdict form as needed.] After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

---

[22] Ninth Circuit Model Civil Jury Instruction No. 3.5 (2017)

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 23

### Damages - Proof [23]

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered. If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

The nature and extent of the harm;

The loss of enjoyment of life experienced and that with reasonable probability will be experienced in the future;

The mental and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future;

The reasonable value of earnings and earning capacity lost up to the present time;

The reasonable value of earnings and earning capacity that with reasonable probability will be lost in the future;

The reasonable value of necessary expenses required up to the present time;

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

---

[23] Ninth Circuit Model Civil Jury Instruction No. 5.1, 5.2 (2017)

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 24**

**Damages – Mitigation** [24]

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.      that the plaintiff failed to use reasonable efforts to mitigate damages; and

2.      the amount by which damages would have been mitigated.

---

[24] Ninth Circuit Model Civil Jury Instruction No. 5.3 (2017)

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 25

### Punitive Damages [25]

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by clear and convincing evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct , including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

---

[25] Ninth Circuit Model Civil Jury Instruction No. 5.5 (2017)

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

You may impose punitive damages against one or more of the defendants and not others, and may award different amounts against different defendants.

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 26

### Burden of Proof - Clear and Convincing Evidence [26]

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

_____

[26] Ninth Circuit Model Civil Jury Instruction No. 1.7 (2017)

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 27

### Retaliation - Elements and Burden of Proof [27]

The plaintiff seeks damages against the defendant for retaliation. The plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1.      the plaintiff engaged in or was engaging in an activity protected under federal law, that is bringing and prevailing in a legal action against Defendant Northwest Direct Teleservices, Inc. for whistleblower retaliation;

2.      the employer subjected the plaintiff to an adverse employment action, that is published disparaging employment-related statements concerning plaintiff in a public manner on the internet; and

3. the plaintiff was subjected to the adverse employment action because of his participation in protected activity.

An adverse action in the context of a retaliation claim need not materially affect the terms and conditions of employment so long as a reasonable employee would have found the action materially adverse, which means it might have "dissuaded a reasonable worker from making or supporting a charge of discrimination."

A plaintiff is "subjected to an adverse employment action" because of his her participation in protected activity if the adverse employment action would not have occurred but for that participation.

If you find that the plaintiff has proved all three of these elements, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant.

---

[27] Ninth Circuit Model Civil Jury Instruction No. 10.8, 10.9, 10.10 (2017); See Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006); see also Thompson v. N. Am. Stainless, LP, 562 U.S. 170 (2011) (applying Burlington standard)

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 28**

**Aiding and Abetting - Elements and Burden of Proof [28]**

The plaintiff seeks damages against defendant Rote for aiding and abetting an unlawful employment practice. The plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

       1.      defendant Rote aided, abetted, incited, compelled or coerced retaliation against plaintiff.

       2.      defendant Rote acted outside the scope of his scope of employment with any of the other named corporate defendants, (i.e., in his personal capacity).

---

[28] O.R.S. § 659A.030(1)(g); See <u>Baker v. Maricle Indus., Inc.</u>, No. 6:16-CV-01793-AA, 2017 WL 1043282, at *3 (D. Or. Mar. 17, 2017); Gaither v. John Q. Hammons Hotels Mgmt., LLC, 2009 WL 9520797, *4 (D. Or. Sept. 3, 2009); See also White v. Amedisys Holding, LLC, 2012 WL 7037317, *4 (D. Or. Dec. 18, 2012); <u>McGanty v. Staudenraus</u>, 321 Or. 532, 539 n.3, 901 P.2d 841, 846 (1995).

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing PLAINTIFF'S PROPOSED JURY INSTRUCTIONS on:

    Timothy Rote
    24790 SW Big Fir Rd.
    West Linn, OR 97068
    *Pro Se Defendant*

via electronic email on December 13, 2017.


                      /s/ Joel Christiansen
                      Joel Christiansen, OSB #080561
                      Attorney for Plaintiff