Joel Christiansen, OSB #080561
VOGELE & CHRISTIANSEN
812 NW 17th Avenue
Portland, OR 97209
T: (503) 841-6722
E: joel@oremploymentlawyer.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MAX ZWEIZIG**, | Case No. 3:15-cv-2401 |
| Plaintiff, | **FIRST AMENDED COMPLAINT** |
| v. | Retaliation for Opposing Unlawful Employment Practices (ORS 659A.030(1)(f)); Aiding and Abetting (ORS 659A.030(1)(g)) |
| **TIMOTHY C. ROTE**, a citizen of the state of Oregon, **NORTHWEST DIRECT TELESERVICES, INC.**, an Oregon for-profit corporation, **NORTHWEST DIRECT MARKETING OF OREGON, INC.**, an Oregon for-profit corporation, **NORTHWEST DIRECT MARKETING, INC.**, an Oregon for-profit corporation, **NORTHWEST DIRECT OF IOWA, INC.**, an Iowa for-profit corporation, **ROTE ENTERPRISES, LLC**, an Oregon limited liability company, **NORTHWEST DIRECT MARKETING, INC.**, aka Northwest Direct Marketing (Delaware), Inc., a Delaware Corporation, and **DOES 1 through 5**, | |
| Defendants. | |

Upon leave of the Court that was granted on Plaintiff's motion following the parties' presentation of evidence and arguments in this matter and before the jury returned a verdict, Plaintiff alleges as follows:

Page 1 of 9 - FIRST AMENDED COMPLAINT

## NATURE OF THE ACTION

1. This is an action under Oregon's state unlawful employment practices statutes, ORS 659A.230, ORS 659A.199, ORS 659A.030(1)(f), and ORS 659A.030(1)(g).

## JURISDICTION AND VENUE

2. This court has jurisdiction of this action under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

3. The unlawful employment actions alleged herein were committed in the District of Oregon and venue is proper in this district.

## PARTIES

4. Plaintiff Max Zweizig is an individual resident of the State of New Jersey.

5. Defendant Timothy C. Rote ("Rote") is an individual resident of the state of Oregon.

6. Defendant Northwest Direct Teleservices, Inc. ("NDT") is a for-profit corporation existing under the laws of the State of Oregon with its principal place of business in Oregon.

7. Defendant Northwest Direct Marketing of Oregon, Inc. ("NDMO") is a for-profit corporation organized and existing under the laws of the State of Oregon with its principal place of business in Oregon.

8. Defendant Northwest Direct Marketing, Inc. ("NDM") is a for-profit corporation organized and existing under the laws of the State of Oregon with its principal place of business in Oregon. Northwest Direct of Eugene, Inc. ("NDE") is a for-profit corporation organized under the laws of the State of Oregon with its principal place of business in Oregon. On or about June 30, 2010, NDE changed its name to and began operating as NDM.

9. Defendant Northwest Direct of Iowa, Inc. ("NDI") is a for-profit corporation organized under the laws of the State of Iowa with its principal place of business in Oregon.

10. Defendant Rote Enterprises, LLC ("Rote Enterprises") is a limited liability

company organized under the laws of the State of Oregon with its principal place of business in Oregon. In July 1995, Rote filed Articles of Organization with the Oregon Secretary of State for Rote Enterprises that describes the company as a holding company. Its members include Rote and Rote & Company, P.C.

11. Defendant Northwest Direct Marketing, Inc., aka Northwest Direct Marketing (Delaware), Inc. ("NDM Delaware"), is a for-profit corporation organized under the laws of the state of Delaware.

12. Upon information and belief, each DOE defendant is an entity with a principal place of business in a state other than New Jersey and/or is a citizen of a state other than New Jersey.

## SUCCESSOR LIABILITY ALLEGATIONS

13. At all times relevant to this complaint, Rote has directly or indirectly owned and operated telemarketing businesses including call centers providing inbound and outbound telemarketing services to a variety of clients nationwide. During this time, Rote has operated two call centers at a time - one in Oregon and one in Iowa. Yet, Rote has created a complex, confusing, and ever-changing web of corporate entities to own and operate these call centers. Rote is and has at all relevant times been the chief executive, president, and primary owner of each of the named corporate entities.

14. As set forth herein, NDT was Plaintiff's employer. However, NDMO, NDM, NDI, Rote Enterprises, and NDM Delaware are liable to Plaintiff as NDT's successors. Specifically: (1) the successors knew or reasonably should have known of Plaintiff's employment-related claims resulting from Defendants' concerted activities; (2) NDT was and may remain unable to provide relief to Plaintiff; (3) there has been a substantial continuity of business operations between NDT and its successors; (4) the successors have used the same facilities, equipment, and methods of service provision as NDT to conduct their business; (5) the successors have used the same work force and have maintained substantially similar working conditions as NDT in carrying out their business; and (6) the successors have produced the same work product as NDT.

## COMMON FACTS

15. NDT, under one ultimate owner corporation, employed Plaintiff as Director of Information Technology. Pursuant to the parties' employment agreement, Plaintiff and NDT agreed that Oregon substantive law would apply to all disputes related to Plaintiff's employment.

16. During Plaintiff's employment, Plaintiff reported to the Oregon Department of Justice and the Lane County District Attorney information that Plaintiff reasonably believed to be evidence that NDT had engaged in criminal activity (mail and wire fraud with respect to client billings).

17. As a direct result of Plaintiff's protected reports, Rote and NDT took adverse employment actions against Plaintiff, including terminating Plaintiff's employment, because of Plaintiff's protected reports of criminal activity. Rote and NDT also took adverse actions against Plaintiff after Plaintiff's employment ended because of Plaintiff's protected reports, including publishing statements to third parties and the general public accusing Plaintiff of destroying data and engaging in other criminal and civil misconduct during his employment with Defendants.

18. Plaintiff opposed Rote and NDT's unlawful employment practices by filing a complaint and pursuing legal claims for whistleblower retaliation against Rote and NDT. After a series procedural motions, the matter was transferred to arbitration in Oregon. Plaintiff pursued claims against NDT for: (1) whistleblower retaliation under ORS 659A.230; and (2) wrongful termination. NDT pursued claims against Plaintiff for: (1) breach of contract; (2) conversion; (3) breach of fiduciary duty; (4) attorneys' fees associated with pre-arbitration litigation; and (5) court reporting fees associated with the arbitration proceedings.

19. As part of the parties' litigation, NDT and Plaintiff became subject to stipulations and protective orders that restricted the dissemination and publication of certain materials associated with the parties dispute. One such order restricted the parties from using electronic media produced in the arbitration outside of those proceedings.

20. After several years of protracted litigation, an arbitrator found in Plaintiff's

favor on his whistleblower claims, ruling that "[Plaintiff] was terminated at the time he was because of retaliation" and awarded damages to Plaintiff. The arbitrator denied NDT's claims against Plaintiff with the exception of ordering Plaintiff to pay his pro rata share of court reporting fees associated with the arbitration proceedings.

21. Plaintiff's arbitration award was later reduced to a judgment in the United States District Court for the District of Oregon. NDT has failed to satisfy that judgment.

22. In a continuing effort to oppose Defendant's unlawful employment practices and enforce his employment-related rights, Plaintiff filed a lawsuit on March 11, 2014 in the United States District Court against NDT, Rote, and related corporate entities. Plaintiff's operative complaint alleges that Defendants violated the Uniform Fraudulent Transfer Act and engaged in other fraudulent activity to defeat Plaintiff's ability to enforce his whistleblower retaliation judgment.

23. In direct response to Plaintiff's protected conduct, on or about February 27, 2015, Defendants created website titled https://sittingduckportland.wordpress.com ("Sitting Duck Portland Website")[1]. Upon information and belief, Defendant Rote is the author of the Sitting Duck Portland Website. The Sitting Duck Portland Website is fully accessible to the general public.

24. According to the Sitting Duck Portland Website, the website tells a "story [...] about an arbitration involving one of [Rote's] companies and a former IT manager by the name of Max Zweizig." The Sitting Duck Portland Website purports to monetize the experience of its employment-related arbitration with Plaintiff on behalf of Defendants' family of corporate entities, which includes all corporate entities named in this lawsuit.

25. Defendants have used the Sitting Duck Portland Website as tool to discriminate and retaliate against Plaintiff because of Plaintiff's protected conduct. Specifically, the Sitting Duck Portland Website:

---

[1] During the pendency of this litigation, the Sitting Duck Portland Website was moved and renamed several times. As used herein, the term "Sitting Duck Portland Website" refers to all such websites, collectively and individually.

(a) Prominently identifies Plaintiff, Plaintiff's fiancé, and Plaintiff's counsel by name;

(b) Disparages Plaintiff in his profession in a personally identifiable manner;

(c) Asserts that Plaintiff's arbitration victory was the result of "bias, of cronyism, perhaps of bribery, of corruption, of fraud."

(d) Accuses Plaintiff, Plaintiff's fiancé, and Plaintiff's counsel of engaging in widespread criminal conduct and other unlawful conduct;

(e) Publishes photographs suggesting that Plaintiff, Plaintiff, Plaintiff's fiancé, and Plaintiff's counsel are criminals;

(f) Publishes and threatens to continue publishing sensitive and disparaging documents subject to protective stipulations and orders;

(g) Accuses Plaintiff of viewing homosexual pornography, specifically drawing Plaintiff's (heterosexual) fiancé's attention to such allegations;

26. As a result of Defendants' efforts to optimize their discriminatory and retaliatory publications for internet search engines, content from the Sitting Duck Portland Website, including images Defendants have intentionally associated with Plaintiff's name, now appear prominently in search results for Plaintiff, Plaintiff's fiancé, and Plaintiff's counsel's names. The content from the Sitting Duck Portland Website that appears in search engine results prominently suggests that Plaintiff is a criminal, a frivolous litigant, and unfit to work as an information technology professional.

27. The content of the Sitting Duck Portland Website outlined in paragraph 25 constitutes a series of ongoing adverse employment actions against Plaintiff targeted at Plaintiff as a result of Plaintiff's participation in protected conduct as set forth herein. Defendants' conduct would dissuade a reasonable worker from making or supporting a charge of discrimination.

28. As a result of Defendants' publications outlined in paragraph 25, Plaintiff has suffered damages in the form of damage to reputation, loss of enjoyment of life, inconvenience, frustration, fear, dread, stress, helplessness, hopelessness, humiliation, and

anxiety.

## FIRST CLAIM FOR RELIEF

(Retaliation for Opposing Unlawful Conduct - ORS 659A.030(1)(f))

*Against Corporate Defendants*

29. Plaintiff realleges paragraphs 1-28 by reference.

30. Plaintiff engaged in protected conduct by reporting in good faith NDT's information and by, in good faith: (1) opposing Defendants' unlawful practices; (2) filing a complaint against Defendants; (3) testifying and assisting in a proceeding under ORS Chapter 659A; and (4) attempting to testify and assist in a proceeding under ORS Chapter 659A.

31. NDT, NDMO, NDM, NDI, Rote Enterprises and NDM Delaware discriminated and retaliated against Plaintiff by subjecting Plaintiff to adverse employment actions because of Plaintiff's protected conduct set forth in the preceding paragraph.

32. Plaintiff suffered damages as set forth in paragraph 28 as a direct and proximate result of the unlawful employment practices of NDT, NDMO, NDM, NDI, Rote Enterprises and NDM Delaware.

33. Plaintiff seeks temporary and permanent injunctive relief and any other equitable relief that may be appropriate, including but not limited to an order restraining NDT, NDMO, NDM, NDI, Rote Enterprises and NDM Delaware from further discrimination and retaliation against Plaintiff because of Plaintiff's protected conduct.

34. Plaintiff is entitled to recover attorney fees and expert witness fees pursuant to ORS 659A.885 and ORS 20.107. Plaintiff also seeks an award of statutory interest and reasonable costs incurred in pursuing this matter.

## SECOND CLAIM FOR RELIEF

(Aiding & Abetting - ORS 659A.030(1)(g))

*Against Rote*

35. Plaintiff realleges paragraphs 1-28 by reference.

36. Rote has aided, abetted, incited, compelled and coerced by directly subjecting and causing NDT, NDMO, NDM, NDI, Rote Enterprises and NDM Delaware to subject

Plaintiff to harm and adverse employment actions because of Plaintiff's protected employment activities.

37. Plaintiff suffered damages as set forth in paragraph 28 as a direct and proximate result of Rote's conduct.

38. Plaintiff seeks temporary and permanent injunctive relief and any other equitable relief that may be appropriate, including but not limited to an order restraining Rote from further discrimination and retaliation against Plaintiff because of Plaintiff's protected conduct.

39. Plaintiff is entitled to recover attorney fees and expert witness fees pursuant to ORS 659A.885 and ORS 20.107. Plaintiff also seeks an award of statutory interest and reasonable costs incurred in pursuing this matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a. Compensatory damages in the amount of $2,000,000.00;

b. Temporary and permanent injunctive relief and any other equitable relief that may be appropriate, including but not limited to an order restraining Defendants from further discrimination and retaliation against Plaintiff because of Plaintiff's protected conduct;

c. Attorneys' fees and expert witness fees pursuant to ORS 659A.885 and ORS 20.107;

d. Statutory interest and reasonable costs incurred in pursuing this matter;

e. Any other relief appropriate under the circumstances.

Plaintiff hereby demands a jury trial for all issues so triable.

Dated: January 22, 2018

/s/ Joel Christiansen
Joel Christiansen, OSB #080561
Of Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing FIRST AMENDED COMPLAINT on:

Timothy Rote
24790 SW Big Fir Rd.
West Linn, OR 97068
*Pro Se Defendant*

through the Court's electronic filing system on January 22, 2018.

<u>/s/ Joel Christiansen</u>
Joel Christiansen, OSB #080561
Attorney for Plaintiff