IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MAX ZWEIZIG,

        Plaintiff,

   v.

NORTHWEST DIRECT TELESERVICES;
INC., NORTHWEST DIRECT MARKETING
OF OREGON, INC,; TIMOTHY ROTE;
NORTHWEST DIRECT MARKETING
(DELAWARE), INC.; NORTHWEST DIRECT
OF IOWA, INC.; ROTE ENTERPRISES, LLC;
and NORTHWEST DIRECT MARKETING, INC.;

        Defendants.

No. 3:15-cv-02401-HZ

OPINION & ORDER

Joel Christiansen
VOGELE & CHRISTIANSEN
812 NW 17th Avenue
Portland, OR 97209

    Attorney for Plaintiff

1- OPINION & ORDER

Timothy Rote
24790 SW Big Fir Road
West Linn, OR 97068

    Pro Se Defendant

HERNÁNDEZ, District Judge:

Plaintiff Max Zweizig brought this retaliation claim against Defendants Northwest Direct Teleservices, Inc., Northwest Direct Marketing of Oregon, Inc., Timothy Rote, Northwest Direct Marketing (Delaware), Inc., Northwest Direct of Iowa, Inc., Rote Enterprises, LLC, and Northwest Direct Marketing, Inc. Currently pending before this Court are Defendant Rote's Objection to Plaintiff's Proposed Form of Judgment, Motion for Stay, and Motion for Relief from the Court's Anti-SLAPP Order dismissing Defendant's counterclaims. The Court denies Defendant's Motions.

## BACKGROUND

Plaintiff is the former IT director of Defendant Northwest Direct Teleservices, Inc. Defendant Rote ("Defendant") is the former executive of Defendant NDT and the other business entities involved in this case. Because they were unrepresented, all the business entities in this case have defaulted. The claims against Defendant Rote, however, proceeded to a two-day jury trial on January 16 and 17, 2018. The jury returned a verdict for Plaintiff and awarded him $1,000,000 in noneconomic damages. On July 25, 2018, the Court denied Defendant Rote's motion to set aside the judgment but found that Plaintiff's noneconomic damages were capped pursuant to Oregon law. O&O, ECF 228. Defendant Rote subsequently filed the present motions. Judgment has not yet been entered in this case.

///

///

# DISCUSSION

I. **Motion for Relief from Order**

Defendant's "Motion for Relief from Order," though styled as a relief from the judgment, is more appropriately characterized as a motion for reconsideration. A motion for reconsideration should not be the occasion to tender new legal theories for the first time, but rather should serve to correct manifest errors of law or fact or to present newly discovered evidence. *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985); *see also Maljack Prod., Inc. v. Goodtimes Home Video Corp.*, 81 F.3d 881, 888 (9th Cir. 1996) (new facts or law may warrant reconsideration); *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (motion for reconsideration of summary judgment order properly denied where "it presented no arguments that had not already been raised in opposition to summary judgment"). Thus, "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Defendant argues that the Court should reconsider its September 2016 Opinion & Order granting Plaintiff's motion to strike Defendant's counterclaims under Oregon's anti-SLAPP statute. He specifically points to a 2018 opinion from the Ninth Circuit that clarified the proper procedures to be used when analyzing anti-SLAPP motions in federal court. There, the Ninth Circuit noted that under California's anti-SLAPP statute:[1]

> Once it is determined that an act in furtherance of protected expression is being challenged, the plaintiff must show a "reasonable probability" of prevailing in its claims for those claims to survive dismissal. To do this, the plaintiff must demonstrate that "the complaint is legally sufficient and supported by a prima

---

[1] Oregon courts look to California case law in construing Oregon's anti-SLAPP statute. *See Page v. Parsons*, 249 Or. App. 445, 461, 277 P.3d 609 (2012).

3- OPINION & ORDER

facie showing of the facts to sustain a favorable judgment if the evidence submitted by plaintiff is credited."

*Planned Parenthood Fed. of Am., Inc. v. Ctr. for Med. Progress, LLC*, 890 F.3d 828, 833 (9th Cir. 2018) (internal citations omitted). The court went on to discuss the extent to which these anti-SLAPP provisions are consistent with the Federal Rules of Civil Procedure. *Id.* Ultimately, it found that the anti-SLAPP provision "require[ed] a presentation of evidence without accompanying discovery . . . improperly transform[ing] the motion to strike under the anti-SLAPP law into a motion for summary judgment without any of the procedural safeguards." *Id.* at 833–34. This would effectively allow state law to "usurp the federal rules." *Id.* at 834. Thus, the circuit court determined that "when an anti-SLAPP motion to strike challenges only the legal sufficiently of a claim," the court should apply the standards applicable to motions under Fed. R. Civ. P. 12(b)(6). Alternatively, where the motion challenges the factual sufficiency of a claim, the summary judgment standard under Fed. R. Civ. P. 56 applies and "discovery must be allowed." *Id.*

This Court's 2016 Opinion & Order was issued without this guidance from the circuit court and thus found that Defendant was required "to establish through the presentation of substantial evidence that there is 'a probability' on a *prima facie* basis that he will ultimately prevail as to each of his counterclaims." O&O at 11, ECF 68. The Court further cited to evidence provided by Plaintiff and Defendant in its analysis. Defendant argues that, accordingly, the Court's decision to grant the anti-SLAPP motion without discovery was improper under *Planned Parenthood*. This Court disagrees.

Even applying the standards outlined in *Planned Parenthood,* the Court's decision to grant Plaintiff's anti-SLAPP motion would be no different. As the Court indicated in its prior opinion, Defendant failed as a matter of law to adequately state his counterclaims. For example,

with regard to Defendant Rote's defamation claim, the Court found that "[n]o matter who made the report to the courtroom deputy, a statement suggesting that Defendant's blog post constituted a threat is an opinion statement protected by the First Amendment." *Id.* at 13. Similarly, Defendant Rote's claims for Intentional Infliction of Emotional Distress and Aiding and Abetting claims failed "as a matter of law" because "[n]o reasonable factfinder could conclude that the alleged statement to Judge Jones' courtroom deputy constituted "outrageous conduct." *Id.* at 15. Accordingly, Defendant's counterclaims were legally insufficient, and the Court did not err in granting Plaintiff's motion without additional discovery.[2]

## II. Objection to Plaintiff's Proposed Judgment

Defendant appears to object to Plaintiff's proposed judgment because (1) it is overly broad in finding the other corporate defendants—besides NDT—liable; and (2) it seeks damages in an amount greater than pleaded in the operative complaint at the time of default. As a preliminary matter, the Court notes that Defendant cannot advocate on behalf of the corporate defendants in this case. *See* O&O at 3, ECF 96 ("As this Court has previously informed Defendant, he may not represent the Corporate Defendants."); *see also United States v. High Country Broad. Co.,* 3 F.3d 1244, 1245 (9th Cir. 1993) (stating that a corporation may appear in federal court only through licensed counsel). In addition, the amount of the proposed judgment is consistent with Plaintiff's Amended Complaint, which seeks compensatory damages in the amount of $2,000,000 against the corporate defendants for their acts of retaliation. *See* Am. Compl. ¶¶ 29–34, ECF 193. Accordingly, the Court will enter Plaintiff's proposed form of judgment.

///

---

[2] Defendant Rote also filed a Motion to Stay the proceedings pending the outcome of his Motion for Relief. ECF 233. Because the Court has now ruled on Defendant's Motion for Relief, Defendant's Motion to Stay is moot.

5- OPINION & ORDER

## CONCLUSION

The Court DENIES Defendant's Motion to Set Aside [229] and will enter Plaintiff's Proposed Judgment [231]. Accordingly, Defendant's Motion to Stay [233] is DENIED as moot.

IT IS SO ORDERED.

Dated this 20 day of November, 2018.

/s/ Marco Hernández
MARCO A. HERNÁNDEZ
United States District Judge