IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


MAX ZWEIZIG,                                      No. 3:15-cv-02401-HZ

             Plaintiff,                       OPINION & ORDER

    v.

NORTHWEST DIRECT TELESERVICES,
INC., et. al.,

             Defendants.


Joel Christiansen
VOGELE & CHRISTIANSEN
812 NW 17th Avenue
Portland, OR 97209

      Attorney for Plaintiff

Timothy Rote
24790 SW Big Fir Road
West Linn, OR 97068

      Pro Se Defendant

HERNÁNDEZ, District Judge:

Plaintiff Max Zweizig brought this whistleblower retaliation action under Or. Rev. Stat. § ("ORS") 659A.030 against Defendants Northwest Direct Teleservices, Inc., Northwest Direct Marketing of Oregon, Inc., Timothy Rote, Northwest Direct Marketing (Delaware), Inc., Northwest Direct of Iowa, Inc., Rote Enterprises, LLC, and Northwest Direct Marketing, Inc. On March 13, 2017, an order of default was entered against all the unrepresented business entities on Plaintiff's claim for whistleblower retaliation. The aiding and abetting claim against Defendant Rote ("Defendant") was tried to a jury on January 16 and 17, 2018. The jury returned a verdict awarding Plaintiff $1,000,000 in noneconomic damages. On July 25, 2018, the Court reduced Plaintiff's award of noneconomic damages to $500,000 pursuant to ORS 31.710(1).

Plaintiff now moves for $166,810.00 in attorney fees. Christiansen Decl. Ex. 1 at 18, ECF 261-1. For the reasons explained below, Plaintiff's motion is granted in part. Plaintiff is awarded $162,995.00 in fees and $515.80 in costs.

## STANDARDS

State law governs attorney fees in diversity cases. *See Riordan v. State Farm. Mut. Auto. Ins. Co.*, 589 F.3d 999, 1004 (9th Cir. 2009). Under ORS 659A.885(1), the court "may allow the prevailing party costs and reasonable attorney fees at trial and on appeal" in an action under ORS 659A.030. An award of attorney fees under Oregon law is governed by ORS 20.075 and is within the court's discretion. *Ashley v. Garrison,* 162 Or. App. 585, 592 n.3, 986 P.2d 654 (1999); *see also* ORS 20.075(3). The Court, however, is only authorized to award reasonable attorney fees. ORS 20.075(4).

ORS 20.075(1) lists eight factors that a court "shall consider . . . in determining whether to award attorney fees in any case in which an award of attorney fees is authorized by statute and in which the court has discretion to decide whether to award attorney fees":

(a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.

(b) The objective reasonableness of the claims and defenses asserted by the parties.

(c) The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.

(d) The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.

(e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.

(f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.

(g) The amount that the court has awarded as a prevailing party fee under ORS 20.190.

(h) Such other factors as the court may consider appropriate under the circumstances of the case.

*See also Preble v. Dep't of Revenue,* 331 Or. 599, 602, 19 P.3d 335 (2001).

If the court elects to award attorney fees under ORS 20.075(1), ORS 20.075(2) requires the court to consider the factors identified in subsection (1) together with the eight factors set forth in subsection (2) to determine the amount of any such award. The subsection (2) factors include:

(a) The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.

(b) The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.

(c) The fee customarily charged in the locality for similar legal services.

(d) The amount involved in the controversy and the results obtained.

(e) The time limitations imposed by the client or the circumstances of the case.

(f) The nature and length of the attorney's professional relationship with the client.

(g) The experience, reputation and ability of the attorney performing the services.

(h) Whether the fee of the attorney is fixed or contingent.

ORS 20.075(2); *see also McCarthy v. Or. Freeze Dry, Inc.,* 327 Or. 84, 327 Or. 185, 957 P.2d 1200 (1998). A court satisfies the requirements of ORS 20.075(1)–(2) by including in its order a brief description of or citation to the factor or factors on which it relies when granting or denying an award of attorney fees. *McCarthy,* 327 Or. at 185. The Court is not required to make findings about irrelevant or immaterial factual matters or legal criteria. *Id.*

## DISCUSSION

"Oregon courts have construed [ORS 659A.885(1)] as mandatory and highly favorable to plaintiffs, holding that prevailing *plaintiffs* are entitled to recover their attorney fees." *Hamlin v. Hampton Lumber Mills, Inc.*, 227 Or. App. 165, 167, 205 P.3d 70 (2009). Oregon courts generally award attorney fees based on the lodestar method—the reasonable hourly rate multiplied by the reasonable number of hours worked—although there is room for adjustment based on the factors set forth in ORS 20.075. *See generally Strawn v. Farmers Ins. Co. of Or.*, 353 Or. 210, 220–22, 297 P.3d 439 (2013).

Plaintiff seeks compensation for 467.5 hours of work performed by attorney Joel Christiansen. Christiansen Decl. Ex. 1 at 18, ECF 261-1. Defendant opposes Plaintiff's motion.[1] For the reasons below, the Court grants in part Plaintiff's motion and awards $162,995.00 in attorney fees and $515.80 in costs.

## I.    Subsection (1) Factors

Defendant argues that under the subsection (1) factors, Plaintiff's attorney fee award should be limited. Defendant argues that all the factors—except for ORS 20.075(1)(g), which is inapplicable here—favor denying an award of fees in this case. Specifically, Defendant points to alleged deceitful and malicious conduct by Plaintiff's counsel, the nature of Defendant's blog, and Defendant's attempts to resolve the dispute. Def. Resp. 4–6, ECF 269. Plaintiff replies by emphasizing, among other things, Defendant's underlying conduct, the jury's verdict, the nature of the claim, the extensive motions practice, Plaintiff's attempts at settlement, and other factors discussed in Section II below. Pl. Reply 3–6, ECF 282.

Based on the record, the Court finds that the subsection (1) factors weigh in favor of an award of fees in this case. Plaintiff's counsel pursued settlement and successfully prosecuted this case. Christiansen Decl. ¶ 10, ECF 261; Christiansen Decl. Ex. 3, ECF 283. Two of Plaintiff's three claims were reasonable. *See* Order, ECF 95 ("While the Court does not believe there is any way that Plaintiff's Claim 1 can survive, it nevertheless provides Plaintiff an opportunity to respond before the claim is dismissed."). The Court recognizes that Defendant's conduct in the present litigation has included demeaning personal and professional allegations about Plaintiff and his counsel and significant motions practice. Christiansen Decl. ¶ 12, ECF 261. In addition,

---

[1] Defendant also objects to the award of attorney fees in this case because of a prior employment agreement between Defendant NDT and Plaintiff. Def. Resp. 2, ECF 256. The Court has previously rejected this argument and declines to address it further.

this action arose out of the parties' significant litigation history and Defendant's subsequent public blog containing details about Plaintiff and his participation in a separate legal proceeding. In sum, the underlying conduct, reasonableness of the claims, reasonableness of the conduct of the parties and counsel throughout the litigation, and the diligence of the parties in settling the dispute all weigh in favor of awarding fees in this case.

## II.    Subsection (2) Factors

Defendant also argues that an award of fees for Plaintiff's counsel is not warranted under the subsection (2) factors. Def. Resp. 6–8. The Court disagrees.

### a.    Subsection (2)(b)—Preclusion of Other Work

Defendant argues that this factor weighs against an award of fees because "Plaintiff's website makes it clear that he does not take on many cases or work much." Def. Resp. 7. Plaintiff responds that Defendant's sporadic and voluminous filings prevented counsel from accepting other employment during the pendency of this case. Pl. Reply 6; Christiansen Decl. ¶ 12, ECF 261.

Subsection (2)(b) directs the court to look at "[t]he likelihood, *if apparent to the client*, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases." ORS 20.075(2)(b) (emphasis added). As the district court has previously recognized, "the subsection's language clearly contemplates a prospective assessment, not one informed by hindsight[.]" *Beck v. Metro. Prop. & Cas. Ins. Co.*, 3:13-cv-00879-AC, 2016 WL 4978411, at *20 (D. Or. Sept. 16, 2016). Mr. Christiansen does not address either his client's or his own prospective assessment of the time required to litigate this case. Instead, Mr. Christiansen focuses on Defendant's behavior throughout the litigation. Without further information demonstrating that Plaintiff knew from the outset that this case would

preclude Mr. Christensen from accepting other employment, the Court declines to give weight to this factor in determining the appropriate fee award.

### b. Subsection (2)(d)—Amount Involved in the Controversy and Results Obtained

Defendant argues that the amount involved in the controversy and the results obtained weigh against an award. Def. Resp. 7. He notes that Plaintiff raised his jury demand to $2,000,000 at trial and obtained a $1,000,000 damages award. *Id.* He also asserts that the conduct by Mr. Christiansen was "atrocious" in closing. *Id.* Plaintiff responds by emphasizing the significant size of the damages award in this case in the absence of any economic loss. Pl. Suppl. Mot. Att'y Fees ("Pl. Mot.") 9–10, ECF 260; Pl. Reply 6, ECF 282.

Subsection (2)(d) focuses on the amount involved in the controversy and the results obtained in the litigation. Initially, Plaintiff sought $150,000 in compensatory damages and $1,000,000 in punitive damages. Compl., ECF 1. Though Plaintiff was unable to proceed with his request for punitive damages at trial, the size of the non-economic damages awarded by the jury in this case was significant at $1,000,000. Plaintiff succeeded in various motions, but on at least two occasions the Court had to seek additional input from Plaintiff in considering the claims at issue in this case. *See* Order, ECF 60 (seeking additional briefing after review of Plaintiff's motion because "[i]t appears to the Court that the counterclaims at issue should be dismissed, albeit for a different reason than Plaintiff raised); Order, ECF 95 ("While the Court does not believe there is any way that Plaintiff's Claim 1 can survive, it nevertheless provides Plaintiff an opportunity to respond before the claim is dismissed."). Neither party prevailed on their respective summary judgment motions. Op. & Order, ECF 133. Thus, while the amount involved in the controversy was great and Mr. Christiansen ultimately obtained a significant damages award for Plaintiff, Plaintiff did not prevail at every turn. *Cf. Beck*, 2016 WL 4978411,

at *21 (emphasizing that the plaintiff "prevailed on every discovery and dispositive motion during the litigation phase of the case" and finding that "the results [the plaintiff] obtained during this phase of the case are as significant as the jury'[s] verdict"). On balance, however, this factor weighs in Plaintiff's favor.

### c.        Subsection (2)(e)—Time Limitations Imposed by the Client or Circumstances

Subsection (2)(e) takes into account any time limitations imposed by the client or the circumstances of the case. This Court finds that this factor is neutral. Neither the client nor the case imposed any unique time limitations. Indeed, this case proceeded slowly and was three years old at the time judgment was entered.

### d.        Subsection (2)(f)—Nature and Length of the Attorney's Professional Relationship with the Client

Defendant contends that the nature and length of the relationship weigh against awarding fees because Plaintiff's counsel first joined a related action filed in 2014 and left that case to pursue this one. Def. Resp. 7. Plaintiff responds that this case took three years of work and will continue for several years on appeal. Pl. Mot. 10. He also emphasizes the long history of litigation between the parties, including arbitration and numerous lawsuits. *Id.*

Under subsection (2)(f), the Court evaluates the nature and length of the attorney's professional relationship with the client. Plaintiff's emphasis on the long history between Defendant and Plaintiff is misplaced. These facts go to the nature and length of the relationship between the parties rather the relationship between Plaintiff and Mr. Christiansen. Mr. Christiansen did, however, begin representing Plaintiff in a related action in 2014 and therefore had a professional relationship that preexisted the present litigation. *See Zweizig v. Rote*, *et. al.*, 3:14-cv-00406-HZ. Thus, while the relationship between Plaintiff and counsel was limited to the four years preceding the judgment in this case, Mr. Christiansen had unique insight into this

matter because of his involvement in the related 2014 case. This factor weighs slightly in favor of awarding the requested fees.

### e. Subsection (2)(h)—Fixed or Contingent Fee

Defendant asserts that Plaintiff's fee arrangement with Mr. Christiansen was contingent—"50% of the award, plus 50% of any award of legal fees"—and appears to suggest that this weighs against an award of attorney fees. Def. Resp. 8. Plaintiff responds that this factor weighs in his favor because the fee in this case is contingent. Christiansen Decl. ¶ 11, ECF 261; Christiansen Decl. ¶¶ 2–4, ECF 283.

The Court finds that the contingent fee agreement in this case weighs in favor of an award. According to Mr. Christiansen, his contingent fee in this case was "equal to whatever the Court awards" and "decides is reasonable." Christiansen Decl. ¶ 3, ECF 283. In other words, Mr. Christiansen would recover nothing for his work in the absence of court awarded fees. *Id.* Thus, Mr. Christiansen took the significant risk of not being compensated for the time he spent on this case, which involved unpredictable and frequent motions practice. *See Beck*, 2016 WL 4978411, at *22 (noting that the defendant's "litigation strategy increased the risk to [the plaintiff's] attorneys that they might not be fully compensated for their time").

### f. Subsections (2)(c) and (2)(g)—Reasonable Hourly Rate

In determining the reasonable hourly rate, the Court looks to the fee customarily charged in the locality for similar legal services under subsection (2)(c) and the experience, reputation, and ability of the attorney performing the services under (2)(g). *Precision Seed Cleaners v. Country Mut. Ins. Co.*, 976 F.Supp.2d 1228, 1243 (D. Or. 2013). "As a benchmark for comparing an attorney's billing rate with the fee customarily charged in the locality, this Court uses the

most recent Oregon State Bar (OSB) Economic Survey." *Id.* at 1244. The most recent OSB

Economic Survey was published in 2017.[2]

Plaintiff seeks fees based on an hourly rate of $280 and $300 for work done by Mr.

Christiansen from 2015–2017 and 2018, respectively. Pl. Mot. 6. In 2018, Mr. Christiansen had

practiced law in Oregon for ten years. Christiansen Decl. ¶ 2, ECF 261. During law school, he

clerked at a plaintiff-side class action firm. *Id.* at ¶ 5. Since that time, his practice has focused on

employment law. *Id.* at ¶ 3. Mr. Christiansen has been counsel of record in numerous state and

federal cases in Oregon. *Id.* at ¶ 4. Attorney Robert Meyer—an experienced employment

litigator—declares that the sought-after rates are reasonable and consistent with rates of other

attorneys in this practice area. Meyer Decl. ¶¶ 11–13, ECF 263. He further asserts that Mr.

Christiansen is a pragmatic and outcome-focused lawyer and known in the plaintiff-side legal

community as "a knowledgeable, effective practitioner in employment discrimination cases." *Id.*

at ¶¶ 12–13. According to the 2017 OSB Economic Survey, the average hourly rate is $280 for

Portland attorneys with 7-9 years of experience and $300 for attorneys with 10-12 years of

experience. For plaintiff-side civil litigators, the median billing rate is $300.

Defendant argues that the sought-after rates are unreasonable and points to counsel's lack

of overhead costs and the rates sought in unrelated cases by other attorneys in Portland. Def.

Resp. 8–9. However, Plaintiff's overhead costs, or lack thereof, have no bearing on whether Mr.

Christiansen's hourly rate is reasonable. And the comparator rates provided by Defendant are not

helpful in this case. One comparator rate comes from a 2016 declaration in an unrelated case that

cites to the 2008 OSB Economic Survey, which is now 11 years old. Rote Decl. Ex. 1, ECF 270-

---

[2] The most recent OSB Economic Survey is available at
https://www.osbar.org/_docs/resources/Econsurveys/17EconomicSurvey.pdf

1. The declarant admits that the sought-after rates of $235 for a partner and $195 for an associate were below the average and median rates in 2008. *Id*. The other comparator rate comes from an attorney fee petition filed in Multnomah County Circuit Court that refers to insurance rates and does not cite to the OSB Survey. Rote Decl. Ex. 2. Thus, Defendant's evidence has no bearing on the Court's analysis.

The Court finds that Mr. Christiansen's rates are reasonable considering the fee customarily charged in Portland for similar legal services and the experience, reputation, and ability of Mr. Christiansen. As described above, the hourly rates sought by Mr. Christiansen are consistent with the median rates for similar legal services in Portland performed by attorneys with similar years of experience. According to Mr. Meyer, Mr. Christiansen is a reputable attorney in the community and is an effective practitioner. In light of this evidence, Mr. Christiansen shall recover the reasonable rates of $280 for work performed between 2015 and 2017 and $300 for work performed in 2018.

### g. Subsection (2)(a)—Reasonable Number of Hours

Plaintiff seeks compensation for 467.5 hours of work performed by Mr. Christiansen. Christiansen Decl. ¶ 7, Ex. 1 at 18, ECF 261. Mr. Christiansen declares that the hours billed were reasonably and necessarily incurred in litigating this case. *Id.* at ¶ 7. He asserts that "throughout the litigation, [he] tried to be as efficient as possible." *Id.* at ¶ 9. He also notes that he found Defendant's "litigation tactics to be unpredictable, confusing, and at times vexatious." *Id.* Linda Marshall—an attorney with 47 years of experience in employment law and employment practices—declares that Mr. Christiansen's charges are conservative and reasonable. Marshall Decl. ¶¶ 1, 8–9, ECF 262. She further asserts that "a large proportion of Mr. Christiansen's time

was necessary to respond to various motions and legal maneuvers initiated by Mr. Rote." *Id.* at ¶ 9.

"Under subsection 2(a), [the Court] analyze[s] the time and labor required in the proceeding, the novelty and difficulty of the questions involved, and the skill needed to properly perform the legal services." *Precision Seed Cleaners*, 976 F.Supp.2d at 1249. As an initial matter, the Court does not find that the issues in this case were exceedingly novel or complex or that exceptional skill was needed to perform the legal services. As Plaintiff points out, at times the issues presented by this case were somewhat unique in that Plaintiff was proceeding against Defendant for aiding and abetting defunct and defaulted corporate entities and only sought non-economic damages. Pl. Mot. 8. This case also presented a novel issue of Oregon law after trial. *See* Op. & Order, ECF 228 (discussing whether ORS 31.710 applies to employment cases). But, at its core, this case involved a whistleblower retaliation claim arising out of an employment relationship and drew on established case law. *See e.g. Roberts v. Interstate Distrib. Co.*, 242 F. Supp.2d 850, 857 (D. Or. 2002) ("[E]mployment discrimination claims usually do not involve novel issues of law."); *Baker v. Maricle Indus., Inc.*, 6:16-cv-01793-AA, 2017 WL 1043282 (D. Or. Mar. 17, 2017) (discussing a claim under ORS 659A.030(1)(g), the statute at issue here, brought against a corporate president). While litigating against Defendant presented some challenges and required time and labor, the narrow factual scope of this case and the single claim at issue at trial did not require significant time or skill.

In his response to Plaintiff's motion for attorney fees, Defendant objects to several categories of time spent by Plaintiff's counsel. *See* Def. Resp. 9–12. Without repeating in detail each of Defendant's objections and Plaintiff's responses, the Court addresses each category of time and deducts time from Plaintiff's requested hours as appropriate.

First, Defendant objects to time Mr. Christiansen spent reviewing Defendant's blog. Plaintiff responds that the nearly 40 hours reviewing the blog were reasonable because it was routinely edited and was voluminous at the time of trial. Pl. Reply. 8–10. This Court agrees with Plaintiff. The content of Defendant's blog was the heart of this case and was over 300 pages long. It was also edited and updated throughout this case. The requested time is therefore reasonable.

Second, Defendant argues that time spent drafting and reviewing various legal pleadings and motions was excessive:

(1) Time Spent Drafting the Complaint: Defendant argues that the 14 hours spent by Plaintiff drafting the compliant is excessive by 50%. A review of the requested time reveals, however, that Plaintiff only billed 4.1 hours for drafting the complaint and .4 hours for drafting an amended complaint. Christiansen Decl. Ex. 1 at 1, 14, ECF 261. The Court finds the requested time is reasonable.

(2) Time Spent Reviewing Rote's Motion to Dismiss and Defendants' Answers: Defendant argues that the 15.1 hours and 14 hours spent reviewing these documents is excessive by 75%. Plaintiff responds that Defendant filed numerous amended and responsive pleadings and filed and withdrew many motions to dismiss. The record supports Plaintiff's argument. Defendant amended his responsive pleadings multiple times. Am. Answer, ECF 19; Am. Answer, ECF 29; Mot. Am. Answer, ECF 85; Am. Answer, ECF 98. He also filed several motions to dismiss and strike. Mot. Strike (withdrawn), ECF 33; Mot. Dismiss (withdrawn), ECF 28; Mot. Dismiss, ECF 78. The Court agrees with Plaintiff that the hours spent reviewing these documents are reasonable.

(3) Time Spent on Opposition to Motion to Dismiss: Defendant argues that 60.7 hours spent on Plaintiff's opposition to Defendant's Motion to dismiss is excessive by 75%. It is unclear to the Court how Defendant determined that counsel spent 60.7 hours on the opposition to Defendant's Motion to Dismiss. Billing records submitted by Plaintiff suggest that counsel spent 29.5 hours researching and drafting the responses to Defendant's motions to dismiss in March, May, October and November of 2016. Christiansen Decl. Ex. 1 at 2–7, ECF 261. The Court finds this time reasonable.

(4) Time Spent on Motion for Summary Judgment and Response: Defendant argues that the 61.6 hours counsel spent on the motion for summary judgment and response is excessive by at least 75%. Again, it is unclear to the Court how Defendant arrived at this figure. The records appear to reflect 56.4 hours spent by counsel reviewing materials, assembling materials, conducting legal research, and drafting the briefing related to Plaintiff's and Defendant's motions for summary judgment. In July of 2016, Plaintiff spent 5.2 hours responding to Defendant's premature motion for summary judgment. Christiansen Decl. Ex. 1 at 5. In the summer of 2017, Plaintiff spent 20.7 hours researching and drafting his 17-page motion for summary judgment, which included a nearly 500-page declaration. Mot. Summ. J. ECF 117; Zweizig Decl., ECF 118. He spent another 9.4 hours drafting the 6-page reply after receiving a 33-page response from Defendant that included a declaration with over 2,000 pages of supporting exhibits. Def. Resp. MSJ, ECF 119; Rote Decl., ECF 120. Counsel spent another 6 hours reviewing Defendant's 35-page motion and 15.1 hours crafting his 13-page response to the motion. Mot. Summ. J., ECF 115; Resp. MSJ, ECF 121. In light of the extensive briefing and supporting evidence, the Court finds the requested hours are reasonable.

(5) Time Spent on Form of Judgment: Defendant argues that the 38.9 hours spent on the form of judgment was excessive by 75%. This Court disagrees. Here, it appears that Plaintiff spent this time drafting the proposed judgment, reviewing Defendant's objections to the judgment, conducting legal research, drafting a response to the objections, reviewing the reply, and drafting a surreply. Christiansen Decl. Ex. 1 at 14–16, ECF 261. Defendant's objections to the judgment included a complicated and unresolved issue under Oregon law as to whether the non-economic damages cap in ORS 31.710 applied to this case. Accordingly, the time spent by Plaintiff's counsel was reasonable.

(6) Time Spent on the Anti-SLAPP Motion: Defendant argues that the 27.1 hours Plaintiff's counsel spent on an Anti-SLAPP motion was unreasonable because counsel used a draft from another attorney in a different case. Def. Mot. 10. Plaintiff responds by emphasizing that the motion was denied on different grounds, Plaintiff's counsel billed less, and the Court requested supplemental briefing. Pl. Reply 9–10. The Court finds that here Plaintiff's requested time is unreasonable. Per the Court's calculation, Plaintiff spent 9 hours on the initial briefing, Christiansen Decl. Ex. 1 at 3–4, and 8.9 hours on the supplemental briefing, *id.* at 5–6. The Court ordered the supplemental briefing because "[i]t appear[ed] to the Court that the counterclaims at issue should be dismissed, albeit for a different reason than Plaintiff raised." Order, ECF 60. Thus, the 9 hours spent on the initial briefing should be deducted from this case.

Third, Defendant argues that Plaintiff should not receive fees for: extension of time requests that "were not caused by Defendant;" a response to the "Bernick Subpoena" because the time was unnecessary; post-trial motions because Defendant prevailed on the non-economic damages cap; and the motion for contempt and sanctions because it was "unreasonable." Def. Resp. 10–12. The Court finds these arguments unavailing. Plaintiff's time for each of the above-

described tasks was reasonable. It was prudent for counsel to prepare a response to the Bernick Subpoena when Defendant listed Ms. Bernick as a witness at trial. Though Defendant prevailed on the non-economic damages cap issue, Plaintiff prevailed on many of the issues raised in Defendant's post-trial motions, and Plaintiff was the prevailing party in this case. As to the motion for sanctions, Plaintiff billed only an hour for reviewing Defendant's motion for imposition of sanctions and supporting declaration and .2 hours for communicating with his client about these motions. Christiansen Decl. Ex. 1 at 17, ECF 261. Time billed for this motion—which was denied by the Court at a telephone conference—was reasonable. Finally, Plaintiff appears to have billed only 4.6 hours related to requests for extension of time. Two of the requests were made in response to amended pleadings by Defendant. *Id.* at 2, 3. One request was to extend the entire case schedule as the initial case deadlines approached. *Id.* at 3. Two of the billing entries relate to requests for extensions by Defendant. *Id.* at 8, 14. And two more relate to briefing complicated issues presented by Defendant after the close of trial. *Id.* at 14, 15. All these requests and the associated time billed were reasonable and necessary in the context of this litigation.

Fourth, Defendant argues that certain categories of time are not billable, including "chatting with" Plaintiff, reviewing court orders, and 50 hours producing trial exhibits and instructions. Def. Resp. 9–11. Plaintiff responds that he has not billed for administrative tasks, and he asserts that time spent communicating with the client was reasonable given the nature of this case and Defendant's litigation approach. Pl. Reply. 8–9. He also argues that Defendant incorrectly calculates Plaintiff's time spent on trial exhibits and instructions. *Id.* at 10.

The Court finds that the 30 or so hours billed for communicating with Plaintiff over the course of three years was reasonable, particularly in this case where the parties have a lengthy

and complex history. As to the alleged administrative or clerical work, Defendant is correct that this time is generally not recoverable. *See Lafferty v. Providence Health Plans*, No. 08-CV-6318-TC, 2011 WL 127489, at *5 (D. Or. Jan. 14, 2011) ("It is well settled, both in this District and elsewhere, that it is inappropriate to seek fees under a fee shifting statute for purely secretarial or clerical work."). But the Court disagrees with Defendant that the production of trial exhibits and jury instructions—which the Court estimates amount to fewer than 20 hours—are administrative tasks. Production of the jury instructions required substantive legal knowledge. And counsel clarified in his reply that he only billed for time spent determining what trial exhibits to use and how to incorporate them into his trial presentation. Pl. Reply 10. However, the Court has determined that Plaintiff billed for seemingly clerical time on a few occasions. Specifically, Plaintiff seeks time for scheduling issues and discussing scheduling with his client:

| Date | Time | Task |
| --- | --- | --- |
| 4/14/2016 | .1 | Review Scheduling Order |
| 10/13/2016 | .1 | Review Court Scheduling Order |
| 3/1/2017 | .1 | Review Court Scheduling Order Setting Scheduling Conference |
| 9/11/2017 | .5 | Communication with Client re: Scheduling |
| 4/14/2016 | .4 | Communicate with client re: scheduling et. al. |
| 11/17/2017 | .4 | Communication with client re: scheduling and strategy[3] |

The Court also notes that Plaintiff billed for the administrative task of filing various trial documents and deducts .1 hours for each of these three entries. *See* Christiansen Decl. Ex. 1 at 11

---

[3] Plaintiff's counsel actually billed .8 hours for this task. Because discussing strategy with his client is billable time, the Court only deducts half of the time billed from Plaintiff's overall request. The .4-hour reduction is based on previous billing entries for scheduling conversations with Plaintiff.

(billing .2 hours for completing and filing Plaintiff's exhibit list, .1 hours for completing and filing Plaintiff's statement of claims, and .3 hours for completing and filing Plaintiff's witness statement), ECF 261. Accordingly, 1.9 hours are deducted from the overall attorney fees request.

Finally, Defendant asserts that the fees should be allocated among Defendants. Def. Mot. 12. Plaintiff responds that Defendant's argument is unavailing because the facts in this case were so intertwined that they cannot be separated by Defendant. Pl. Reply. 8. Neither party cites any legal authority to support their respective arguments. However, the Court finds that it need not apportion fees among Defendants in this case. *See e.g. Corder v. Gates*, 947 F.2d 374, 383 (9th Cir. 1991) (finding apportionment appropriate "when the time expended by the plaintiff in pursuing each defendant was grossly unequal"). This case arose out of a single incident, and the bulk of the conduct at issue at summary judgment and during trial pertained to Defendant. Moreover, Defendant's liability for aiding and abetting required a finding that the defaulted corporate defendants were liable for retaliation. Thus, to the extent that these claims and the underlying facts were segregable, the work performed on the whistleblower retaliation claim was relevant to the claim against Defendant. Apportioning the fees in this case between Defendants would therefore be improper.

### h. Fee Multiplier

In addition to the lodestar calculation, Plaintiff argues that the Court should apply a fee multiplier of 1.25 to the attorney fees award in this case. In support of this argument, Plaintiff cites the novelty and difficulty of the questions involved, the undesirability of the case, the skill required to litigate this case, and the other factors discussed elsewhere in this decision. Pl. Mot. 7–11. Defendant objects to the award of a fee multiplier. He emphasizes counsel's alleged abuse

of the legal process in this case, the nature of the case, and the size and relatively low risk of this case. Def. Resp. 13–14.

The Court has discretion to award an enhancement to the attorney fee request in the form of a fee multiplier. *See VanValkenburg v. Oregon Dep't of Corrs.*, 3:14-cv-00916-MO, 2017 WL 2495496, at *5 (D. Or. June 9, 2017) (citing *Griffin By & Through Stanley v. Tri-Cty. Metro. Trasnp. Dist. of Or.*, 112 Or. App. 575, 584–85, 831 P.2d 42 (1992) *aff'd in part and rev'd in part on other grounds* 318 Or. 500 (1994)). "Oregon law permits an enhancement of fees when it is supported by the facts and circumstances of the case." *Beck*, 2016 WL 4978411, at * 22.

> Typically, enhanced fee awards are appropriate in cases where the recovery was an "exceptional success," . . . and other favorable factors exist, including 'the difficulty and complexity of the issues involved in the case, the value of the interests at stake, as well as the skill and professional standing of lawyers involved.

*VanValkenberg*, 2017 WL 2495496, at *6 (quoting *Strunk v. Pub Emps. Ret. Bd.*, 343 Or. 226, 246 (2007)). The Court also considers the statutory factors under ORS 20.075 in determining whether an enhanced fee is appropriate. *Id.* As stated above, such factors include "[t]he extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses" and "[t]he objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings." ORS 20.075(1)(d)–(e).

The Court finds that a fee multiplier is appropriate in this case. As discussed above, the Court recognizes that the issues presented by Plaintiff's claims were, at times, somewhat unique and this case involved a difficult litigant. *See supra* Section II(g). In addition, as part of his efforts to vacate the judgment, Defendant has failed to comport himself in an objectively reasonable manner. *See* ORS 20.075(e). In duplicative post-judgment filings, Defendant has made unsubstantiated, inflammatory, and personal and professional attacks against both Plaintiff and Mr. Christiansen. *See, e.g.*, Def. Mot. Stay, ECF 325; Def. Reply Mot. Stay, ECF 327; Def.

Mot. Vacate, ECF 330; Def. Reply Mot. Vacate, ECF 336. Mr. Christiansen has been required to respond to these filings in an effort to enforce the judgment in this case. *See e.g. VanDyke v. BTS*, Civil No. 08-561-KI, 2010 WL 56109, at *1 (D. Or. Jan. 4, 2010) (citing *Johnson v. Jeppe*, 77 Or.App. 685, 688, 713 P.2d 1090 (1986)) ("Under Oregon law, attorney fees to enforce a judgment are 'legal services related to the prosecution or defense of an action' which the court may consider when it awards attorney fees."). Accordingly, considering the objective reasonableness of Defendant's behavior during the proceedings and the other factors identified above, the Court awards Plaintiff the requested fee multiplier. Plaintiff is awarded a total attorney fee award of $162,995.00.

## V. Costs & Other Expenses

Plaintiff also seeks costs under Federal Rule of Civil Procedure 54 and ORS 659A.885(1). He seeks recovery of the $400 filing fee and $115.80 in trial transcript copy costs. Christiansen Decl. ¶ 8, Ex. 2, ECF 261. Defendant does not address costs in his response brief.

Federal and state law both allow the recovery of costs. *See* Fed. R. Civ. P. 54; 28 U.S.C. § 1920; ORS 659A.885(1). Specifically, a prevailing party may recover "[f]ees of the clerk," 28 U.S.C. § 1920(1), and costs associated with trial transcripts as taxable costs under 28 U.S.C. § 1920, *see Cleavenger v. Univ. of Oregon*, CV 13-1908-DOC, 2016 WL 1065821, at *14 (D. Or. Mar. 16, 2016) (citing *Nemo v. City of Portland*, No. CV-94-1553-ST, 1996 WL 437633, at *8 (D. Or. Apr. 9, 1996)) (noting that daily trial transcripts are awarded, if at all, under 28 U.S.C. § 1920). Plaintiff was the prevailing party, and the trial transcripts requested here were reasonably necessary to the motions filed after trial. Thus, the Court finds it appropriate to award these costs to Plaintiff.

///

**CONCLUSION**

Plaintiff's Motion for Attorney Fees and Costs [250] and Supplemental Motion for

Attorney Fees and Costs [260] are GRANTED in part. Plaintiff is awarded $162,995.00 in fees

and $515.80 in costs.

IT IS SO ORDERED.

Dated this _____ day of_____, 2019.

_____
MARCO A. HERNÁNDEZ
United States District Judge