IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MAX ZWEIZIG,                            No. 3:15-cv-02401-HZ

           Plaintiff,                ORDER

v.

TIMOTHY C. ROTE, et. al.,

           Defendants.

HERNÁNDEZ, District Judge:

       Defendant Timothy Rote moves to vacate the Amended Judgment in this case under Federal Rule of Civil Procedure 60(d)(3). Def. Mot., ECF 365. Defendant argues that new evidence gleaned from state court actions between the parties demonstrate that Plaintiff perjured himself in the 2018 trial in this case. *Id.* at 1. The Court denies Defendant's motion.

       Federal Rule of Civil Procedure 60(b) provides that the court may relieve a party from a final judgment for six reasons:

       (1) mistake, inadvertence, surprise, or excusable neglect;

1 – OPINION & ORDER

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Courts also have "inherent equity power to vacate judgments obtained by fraud." *U.S. v. Estate of Stonehill*, 660 F.3d 415, 443 (9th Cir. 2001). Courts "exercise the power to vacate judgments for fraud on the court with restraint and discretion, and only when the fraud is established by clear and convincing evidence." *Id.* at 443–44 (internal citations and quotations omitted).

> "Fraud on the court" should . . . embrace only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetuated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication."

*Id.* at 444 (quoting *In re Intermagnetics Am., Inc.*, 926 F.2d 912, 916 (9th Cir. 1991)).

First, Defendant's Rule 60 motion is untimely. In order to bring a motion under Rule 60(b)(3), the motion must be made "within a year after entry of the judgment." Fed. R. Civ. P. 60(b)(c)(1). The Amended Judgment was filed on September 20, 2021. Am. J., ECF 361. Defendant filed his original motion over a year later, on November 15, 2022.

Second, Defendant has not demonstrated that Plaintiff engaged in fraud. The Court has reviewed Defendant's exhibits and argument and finds no evidence that Plaintiff committed perjury or that Plaintiff's counsel engaged in a scheme to defraud the Court by moving to exclude certain pieces of evidence. Moreover, the alleged perjury is not relevant to the

underlying case, which sought to answer one narrow question: whether Defendant's blogging activities constituted whistleblower retaliation against Plaintiff for participating in an underlying arbitration. Defendant's motion is denied.

## CONCLUSION

The Court DENIES Defendant's Amended Motion to Vacate Judgment [365]. Defendant's Motion to Vacate Judgment [363] is DENIED as moot.

IT IS SO ORDERED.

DATED:___March 17, 2023_____.

_____
MARCO A. HERNÁNDEZ
United States District Judge

3 – OPINION & ORDER